Wm. L. Banning *et al.*, Appellants, *vs.* Albert Armstrong, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A. obtained a judgment against B. which was docketed July 6, 1861, at ten o'clock and 20 minutes.   On the 5th of July B. made an assignment for the benefit of creditors of all his real and personal estate, which by the record appeared to have been filed at 8 o'clock and 20 minutes of July 6th, but which the complaint alleged was not in fact filed for record until about 12 o'clock M. of said day.   The complaint also alleged the assignment to have been made with the intent to hinder and delay the Plaintiff in the collection of his debt, and that by reason of the improper entry upon the record of the time of filing the assignment, a cloud was cast upon the title of the real estate subject to the execution and levy under the judgment, so that the same would not sell for sufficient to pay the Plaintiff's debt.   Upon demurrer to the complaint—*Held*, that it stated a good cause of action.

A party having a judgment lien upon real estate may invoke the aid of a court of equity to remove some fraudulent or inequitable obstruction interposed by the Defendant to the collection of the judgment, withot having an execution upon the judgment returned unsatisfied.

Points and Authorities of Appellants.

I.—By the Plaintiff's own showing his judgment (as alleged) being docketed before the assignment was filed for record, there would be no cloud of title and therefore no cause of ac-

tion. *Cox vs. Clift,* 2 *Comst.,* 118; *Scott vs. Onderdonk,* 4 *Kern.,* 14; *Hart vs. Marshall,* 4 *Minn.,* 294.

II.—The Plaintiff having resorted to his execution and levied, should first exhaust his legal remedy under his execution before he can have equitable relief, and should show a return of his execution unsatisfied. A levy on real estate does not give him any claim for equitable relief to remove a cloud on the title. *McElwain vs. Yardley,* 9 *Wend.,* 548; *Comp. Stats., sec.* 122, *p.* 574; *ib., sec.* 82, *p.* 567; *Brenkerhoff vs. Brown,* 4 *Johns. Ch.,* 671; *Beck vs. Burdett,* 1 *Paige,* 309.

III.—The non-payment of taxes did not affect the validity of the records, the act being merely directory. *Sess. Laws of* 1860, *p.* 404; *Sess. Laws of* 1861, *p.* 32; *Tillman vs. Johnson,* 1 *Minn.,* 183.

IV.—The statute requiring the prepayment of taxes was not intended to include assignments in trust for benefit of creditors.

The act, so far as it restrains alienation, is unconstitutional and void,—titles to land being allodial. *Sec.* 15, *Art.* 1, *Constitution, p.* 46; 1 *Bouvier's Law Dic.,* 101.

HORN & GALUSHA, Counsel for Appellants.

SMITH & GILMAN, Counsel for Respondent.

*By the Court*—ATWATER, J.—The complaint in this action states the recovery of a judgment by Armstrong, against the Defendant Banning, for the sum of $1844.60 in the District Court in and for Ramsey County, and that the same was duly docketed in said county on the 6th day of July, 1861, at 10 o'clock and twenty minutes A. M. That thereafter an execution was issued and levied upon certain real estate in said county, the property of Banning and Knox, the judgment debtors, which real estate is specified and described in the complaint.

That on the 5th day of July, 1861, the Defendants Banning and May, executed an instrument in writing, whereby the said Banning sold and assigned unto the said May, all his real and personal estate in the State of Minnesota, in trust for the benefit of creditors. That the same was on the 6th day of July, 1861, at eight o'clock and twenty minutes, left in the

Register's office, and was thereafter filed and recorded in the office of the Register of Deeds in and for said county of Ramsey. That the same was not in fact filed or entered upon the reception book, in said office, until about 12 o'clock of said 6th day of July, and not until after the Plaintiff's judgment had been docketed as aforesaid.

The complaint then goes on to allege that said assignment was made with the intent to hinder, delay and defraud the Plaintiff in the collection of his debt, stating certain facts to show the fraudulent character of the same, that the filing and recording said instrument has so clouded and embarrassed the title to the real estate levied upon, that the same will not sell to satisfy the amount due upon said execution, unless the cloud occasioned by said instrument is first removed; and asking that the same may be declared cancelled, so far as the same may affect the real estate levied upon by the Plaintiff under his execution, &c.

The Defendants demurred to the complaint, and the demurrer was overruled, from which order Defendants appeal.

The Defendants specify two grounds of demurrer, to wit: that the Court has no jurisdiction of the subject of the action; and 2d, that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer is not well taken upon either ground. The Plaintiff seeks to set aside an alleged fraudulent assignment, and thereby to remove a cloud upon certain real estate, which he seeks to make available in satisfaction of a judgment held by him against the assignor. A court of equity only has jurisdiction to grant the relief sought, and is the appropriate tribunal at which to try questions of this nature. Both the parties, and real estate affected by the assignment, are within the jurisdiction of the Court. The subject matter of the suit is clearly within the jurisdiction, and if the Plaintiff has stated facts entitling him to the relief claimed, the Court has power to grant it.

I think the complaint states facts entitling the Plaintiff to the relief, or at least, a part of the relief asked. It is claimed by the Appellant that "by the Plaintiff's own showing his judgment (as alleged) being docketed before the assignment

was filed for record, there would be no cloud of title, and therefore no cause of action." But the complaint shows that by the record the assignment was filed prior to the docketing of the judgment, and by the record would constitute the prior lien, though in fact the judgment was first docketed. Whether such entry of the assignment was made through mistake or fraud, is perhaps immaterial,—the demurrer admits the allegation of the complaint, that in point of fact, the filing of the assignment was subsequent to the docketing of the judgment, and hence that the lien of the latter takes precedence to that given by the assignment.

As to the farther objection of the appellant, that the Plaintiff having resorted to his execution and levied, should first exhaust his legal remedy under his execution before he can have equitable relief, it is properly remarked by the Court below, that " the levy upon the lands described cannot be held to preclude the Plaintiff from seeking to remove any improper obstacle in the way of making the levy available. He must show some reason why he asks equitable relief, and he can show no better one than that he has actually taken steps to avail himself of his alleged security. If this did not appear, it might be urged that there was no present ground for interference, as the alleged cloud did no injury, and would do none until it became necessary to sell the land, when the difficulty as to priority of lien might reasonably be expected to affect the price. The Plaintiff might perhaps have so framed his complaint as to settle the whole matter by judgment and decree of sale, without resorting to this execution, but I see no objection to the course he has taken. If the record of the assignment be found to be erroneous, or the assignment invalid generally, the land will then be free, and the sale under the execution will prove an effectual remedy. It is easy to see that a dispute concerning the title will materially affect a sale upon execution or a sale in any other way, and I know not how the matter can be settled except by the aid of the Court."

It may indeed be well questioned, whether, under the facts disclosed in the complaint, the Plaintiff has not adopted the only remedy which could prove effectual for the protection of

his rights. He alleges that by reason of this fraudulent assignment the property levied upon will be insufficient to satisfy his debt. If, knowing this fact, he went on to sell the property, he certainly would have no ground to come into Court afterward, and ask the cloud to be removed, the sale set aside, and a resale ordered. Whether any other property than that specified in the complaint was embraced in the assignment does not appear, but it appears by the assignment that all the property of Banning was assigned, and that consequently there was no property belonging to him out of which any balance, remaining on the judgment after sale, could have been satisfied. In order to reach any property therefore to satisfy such deficiency, the Plaintiff would have been obliged to proceed to set aside this assignment, but in the meantime the assignee might have disposed of all the property, and the proceeding prove practically useless to the Plaintiff. As the record stands, a purchaser from the assignee for valuable consideration without notice, would probably hold as against the Plaintiff.

This action is not in the nature of a creditor's bill, or bill of discovery, but to cancel a fraudulent assignment, in order to make available property liable to an execution, except for such fraudulent assignment. The doctrine that the Plaintiff must show an execution returned *nulla bona*, before being entitled to relief in equity, does not apply to this class of cases. The authorities cited by Appellant himself, conclusively show this. In *Brinkerhoff vs. Brown*, 4 *John. Ch. R.*, 671, it was held, that "if a creditor seeks the aid of this Court against the real estate of his debtor, he must show a judgment at law, creating a lien on such estate." This the Plaintiff in fact shows that he has, although the record shows a different state of facts. But even if the assignment were first recorded, on the facts admitted by the demurrer, the Plaintiff has his lien, since the assignee can acquire no lien under a fraudulent and void assignment. In *Beck vs. Burdett*, 1 *Paige*, 305, it was held, that where property is subject to an execution, and a fraudulent obstruction is interposed to prevent the sale, a creditor may file his bill to remove the obstruction, as soon as he has obtained a specific lien upon the property by the issuing

of his execution. And in this case the chancellor remarks, that "there are two classes of cases where a Plaintiff is permitted to come into this Court for relief, after he has proceeded to judgment and execution at law without obtaining satisfaction of his debt. In one case the issuing of the execution gives to the Plaintiff a lien upon the property, but he is compelled to come here for the purpose of removing some obstruction, fraudulently or inequitably interposed, to prevent a sale on execution. In the other, the Plaintiff comes here to obtain satisfaction of his debt out of property of the Defendant, which cannot be reached by execution at law. In the latter case his right to relief here, depends upon the fact of his having exhausted his legal remedies, without being able to obtain satisfaction of his judgment. In the first case, the Plaintiff may come into this Court for relief, immediately after he has obtained a lien upon the property by the issuing of an execution to the sheriff of the county where the same is situated; and the obstruction being removed, he may proceed to enforce the execution by a sale of the property, &c." It would be difficult to suppose a case, falling more completely within the principle here laid down, than the one at bar.

To the same effect is *McElwain vs. Willis*, 9 *Wen.*, 548, in which the Court say: " there is another class of cases besides the one already noticed, in which the aid of a court of chancery may be invoked in behalf of the judgment creditor, in the collection of his debt. It is to remove some fraudulent or inequitable obstruction interposed by the Defendant to the collection of the judgment, independently of which the remedy would have been ample at law. In such cases, the property out of which the judgment creditor is seeking to satisfy his debt, must be subject to the judgment, if real, and to the execution, if personal property. The jurisdiction of the Court rests upon the right or title of the complainant to the property in question acquired by the proceeding at law upon the judgment or execution, and consequently the return of the latter by the officer is not only not essential, but would be fatal to the relief. The only ground of objection to the remedy sought, under this aspect of the case, is the want of sufficient allegation in the bill, that the property out of which

the complainant seeks to collect his debt, was subject to his judgment or execution." It is not claimed in the case at bar, that the complaint is liable to such objection, and the Plaintiff may maintain his action on the principle stated in the case.

The rule as stated in the foregoing cases may be considered as well settled, is founded in equity and sound reason, and it is unnecessary to multiply authorities in support of it. We think the case at bar falls within it, and that the order overruling the demurrer should be affirmed.