## Russell H. Bennett

*vs.*

## George Hotchkiss, John Shilling and Sarah Ann Shilling.

A. contracted to convey to B. certain land, on payment of $2,000, whereof $700 were paid down and the balance agreed to be paid, two-thirds April 1st, 1868, and one-third April 1st, 1869, with interest at 10 per cent. per annum.

The purchaser went into possession under the contract, and paid thereon $400 April 9th, 1868, $465 April 23d, 1869, and $700 June 29th, 1869, and still continues in possession.

July 13th, 1870, plaintiff obtained judgment against B. that B's interest in said land, under said contract, was held by B. in trust to the extent necessary to satisfy plaintiff's claim against B., and for the sale at auction thereof, and application of the proceeds to the payment of plaintiff's said claim. *Held*, that a claim by A , that a large sum is yet due him on said contract, that B., by default in making payments as stipulated thereby, has forfeited all right to said land, falsely made through fraudulent collusion with B. to prevent plaintiff from realizing anything from a sale under his judgment, *does not constitute a cloud on the title*, but the facts aforesaid repel the conclusion that said claim so obscures plaintiff's rights that no sale under the judgment can be made to produce anything.

Until, under such sale, plaintiff had become the owner of B's interest aforesaid, A. was bound to account to B., not to the plaintiff.

Therefore, it is immaterial that plaintiff had offered to pay A. what was due him, if A. would give him a deed subject to B.'s interests, and assign to him the claim for the unpaid purchase money.

The plaintiff in his amended complaint in this action, verified October 25, 1870, alleges that on the 7th May, 1867, the defendant Hotchkiss, being the owner of certain lands in Sibley county in the complaint described, gave to the defendant

Bennett v. Hotchkiss et al.

Sarah Ann Shilling a bond for a deed of said lands upon payment by her of the sum of $1,300, two-thirds of this amount to be paid April 1, 1868, and the balance on the 1st April, 1869, with interest on each sum at the rate of ten per cent. per annum, which payments said Sarah Ann Shilling then agreed to make : that said bond and agreement evidenced a sale of the lands, then made at the agreed price of $2,000, of which price $700 was then paid in cash; that pursuant to the terms of sale possession of said lands was delivered to, and has ever since been retained by said Sarah Ann; that of the money called for by the bond and agreement the sum of $400 was paid April 9, 1868, the sum of $165 was paid April 22, 1869, and the sum of $700 was paid June 29, 1869 ; and the residue has, as plaintiff is informed and believes, been duly paid at some time since the last date, but when, the plaintiff cannot ascertain or state.

The plaintiff further alleges that on the 13th July, 1870, in an action against the Shillings, in which they appeared and answered, but to which Hotchkiss was not a party, a judgment was entered declaring that Sarah Ann's interest in the lands under the bond and judgment was held by her in trust to the extent necessary to satisfy the sum of $765.19, and interest, and directing a sale of her interest by the sheriff and the application of the proceeds to satisfy the judgment; that this judgment is still in force, but that no sale has been made under it in consequence of the wrongful acts of the defendants.

The plaintiff further alleges that ever since the commencement of the former suit he has been ready and willing to pay Hotchkiss whatever was due him upon the bond, agreement and sale, upon his transferring to plaintiff his claim against Sarah Ann Shilling, and convey to plaintiff the land in fee, subject to the bond, all at plaintiff's expense, as Hotchkiss during all that time has well known; and that plaintiff has

often, before and since the judgment, offered to Hotchkiss to pay him whatever might be due him on said sale, but without avail.

The plaintiff further alleges that Hotchkiss falsely claims that some large sum, but how much the plaintiff cannot ascertain or state, is yet due him upon said sale, and that Sarah Ann has long been in default in making the agreed payments, and so has forfeited all right to the lands under the sale and bond; but that such claim is false, and made through fraudulent collusion between the Shillings and Hotchkiss to prevent plaintiff from realizing anything on a sale under his judgment, and thus to hinder, delay and defraud plaintiff in the collection of his demand; and that such wrongful claim of Hotchkiss so obscures plaintiff's right under the decree that no sale thereunder can be made to produce anything, and that without such effective sale plaintiff cannot collect his demand mentioned in said decree.

Therefore plaintiff asks the following relief:

1. That an account be taken of the amount and interest called for by the sale and bond, as well as of all payments made thereon.

2. That if on such accounting it be found that the lands have been fully paid for, then that the same be adjudged to be the property of Sarah Ann Shilling in fee simple, subject to plaintiff's judgment.

3. That if anything be found to be due to Hotchkiss on said lands, then that he convey said lands, together with his claim, to the amount so found due, unto the plaintiff, subject to Sarah Ann Shilling's rights in the premises, upon plaintiff's paying into court for his use the amount so found due and the expense of such transfer.

4. General relief.

To this complaint the defendants interposed general demur-

rers which were overruled by the district court for Sibley county, and from the order overruling the demurrers the defendants appeal.

ATWATER & MERRILL, for Appellants.

W. P. WARNER, for Respondent.

*By the Court.*—RIPLEY, CH. J.—So long as the decree, which the respondent obtained in the suit described in the complaint, remains in full force, he must, for aught that appears in this case, proceed to obtain the satisfaction of his judgment in the manner therein prescribed.

The allegations of the complaint do not bring this case within the principle of *Banning vs. Armstrong,* 7 *Minn.* 40, and the cases there cited. Here is no obstruction fraudulently or inequitably interposed to prevent a sale under the decree. Such obstruction must at least amount to a cloud on the title. Nothing of the kind is set up. Hotchkiss is said to claim that a large sum, (not stating any specific amount,) is yet due on the purchase money and that Mrs. Shilling, by reason of default in payment according to the terms of the sale, has forfeited all right to the land. Nothing is alleged, upon which such claim is based, but the contract itself, and certain payments stated. From these, however, it is apparent that such claim is false and unfounded as respondent alleges it is.

As to the claim that Mrs. Shilling has forfeited all right, by reason of her failure to pay according to the tenor of the agreement, that is simply an incorrect conclusion of law from the facts stated.

Whatever Hotchkiss' rights might have been, if he had insisted on payment at the day, the complaint shows on its face as a legal conclusion that, by accepting part payments

after maturity, he has waived the right to insist on time as of the essence of the contract, and that Mrs. Shilling has incurred no forfeiture by reason of such default. All that he can claim is his money and interest.

As to the claim that some large sum of money is still due, not to mention its indefiniteness, nor taking into account the respondent's statement of his belief that it has been fully paid, the law fixes what is due on the facts stated as to payments. Hotchkiss being entitled to his money and interest, a simple arithmetical computation determines what the balance is, which evidently would not be a large sum, in the ordinary signification of the word. Such an indefinite allegation cannot in law, however, be taken to mean more than that something is yet due.

The respondent's statement that, as he is informed and believes, the residue of the money called for by the bond and agreement has since been duly paid, is not an allegation of the fact, but of his belief. He does not so consider it himself, or he would not pray for an account.

Nothing appears to change the state of facts existing in this respect at the time of the judgment. It was then contemplated that the purchaser at the sale under it, being placed thereby in Mrs. Shillings shoes, should thereafter deal with Hotchkiss as she might have done. For aught that appears by the complaint, it was contemplated that the land should be offered for sale upon the understanding that since the $700 was paid nothing had been paid, and that, therefore, a certain definite sum would be due Hotchkiss.

If offered now, a purchaser would understand that Hotchkiss' claim that Mrs. Shilling's right was forfeited, and that some large sum was yet due, was in point of law wholly baseless. The facts alleged, and the principle of law arising thereon, repel, therefore, the conclusion that Hotchkiss' claim

so obscures the respondent's rights under said judgment, that no sale can be made to produce anything.

It is entirely immaterial that respondent has, since said judgment, offered to pay Hotchkiss what might be due him. Until a sale had taken place under the judgment, and respondent had become the purchaser thereat of Mrs. Shilling's interest, Hotchkiss was bound to account to and to convey to her, not to the respondent. Respondent's judgment would not prevent her from paying Hotchkiss and taking a deed. That would not injure respondent. She would still hold the title in trust for him to the extent of his claim. Such payment and deed would be for *his* benefit.

The respondent was willing to pay Hotchkiss, if the latter would give him a deed of the land, subject to Mrs. Shilling's bond, and assign to him his claim for the unpaid purchase money, but not otherwise. But his judgment entitled him to nothing of the kind, and, aside from any judgment entitling him thereto, respondent could no more require Hotchkiss to do so, than a second mortgagee could require the first to assign his note and mortgage to him, as a condition of receiving his money.

What respondent's right would have been on a complaint, charging the fraudulent and collusive suit and judgment to cancel the bond for non-payment of said purchase money, and the other fraudulent acts of Hotchkiss and Mrs. Shilling supposed by him in his brief, we need not inquire.

Under no possible construction of the complaint would such facts be admissible in evidence. We think the court below erred in overruling the demurrers, and that the order appealed from must be reversed.