# RONALD G. BAILEY AND OTHERS v. UNIVERSITY OF MINNESOTA AND OTHERS.

187 N. W. (2d) 702.

June 4, 1971—No. 42731.

*Harry H. Peterson,* for appellants.

*R. Joel Tierney, Faegre & Benson, James T. Hale,* and *Gregory R. Howard,* for respondents.

NELSON, JUSTICE.

Upon defendants' motion for judgment on the pleadings, the court below held that plaintiffs' complaint for declaratory relief presented no justiciable controversy capable of judicial determination. An order for judgment in favor of defendants was entered August 26, 1970, and judgment was entered pursuant

to such order on August 27, 1970. Plaintiffs have appealed to this court from the judgment.

Upon the state of the record before us, the legal issues appear to be as follows: (1) Whether a declaratory judgment action brought by individuals against the University of Minnesota and its Board of Regents, requesting the court to retain jurisdiction and control over the administration of the university, presents a justiciable controversy capable of judicial determination; and (2) whether the various allegations of plaintiffs' complaint criticizing the manner in which the affairs of the university are being conducted show an abuse of the governing authority of the Board of Regents justifying judicial intervention and control over the administration of the university.

We answer both questions in the negative.

The University of Minnesota was incorporated by Terr. L. 1851, c. 3. Under § 4 of that act, the government of the university was vested in the Board of Regents, to be elected by the Minnesota Legislature. The regents were given the power to elect a chancellor, appoint professors, regulate the course of instruction, and otherwise generally enact laws for the government of the university. Upon Minnesota's achieving statehood in 1858, Minn. Const. art. 8, § 3, perpetuated to the university "all the rights, immunities, franchises and endowments" previously granted by statute. Under the circumstances, it is clear that the university has a unique status as a constitutional corporation. It is clear that the courts may not interfere with the Board of Regents in the proper exercise of their function in governing the affairs of the university. Fanning v. University of Minnesota, 183 Minn. 222, 236 N. W. 217. Any possible doubt as to the permissible range of the university's proper authority has long since been laid to rest. In its decisions throughout the years, this court has considered the nature and status of the university and its Board of Regents, and on several occasions has recognized the university's autonomous status and the very substantial deference to be accorded the governing authority of the regents. Gleason v.

University of Minnesota, 104 Minn. 359, 362, 116 N. W. 650, 652; State ex rel. University of Minnesota v. Chase, 175 Minn. 259, 220 N. W. 951; Fanning v. University of Minnesota, *supra*; Sholes v. University of Minnesota, 236 Minn. 452, 54 N. W. (2d) 122; State ex rel. Peterson v. Quinlivan, 198 Minn. 65, 268 N. W. 858; State ex rel. Smith v. Van Reed, 125 Minn. 194, 145 N. W. 967; Regents v. Hart, 7 Minn. 45 (61). This court indicated the broad scope of the regents' powers when it stated that the territorial act and constitution intended a university which would grow and develop and undertake activities in the way of research and in other respects not visualized in the dreams of its founders in 1851 and 1858. Fanning v. University of Minnesota, *supra*.

From the foregoing cases it is quite clear that the courts must be reluctant to invade the sphere of authority reserved to the regents by our constitution. A case may arise where they have exceeded their authority, but any court action must be limited to a remedy of that particular abuse. One can scarcely conceive of a case in which the courts could be asked more squarely to deprive the regents of their governing powers than in the case at bar, in which plaintiffs have asked the court to assume continuing jurisdiction over the "authorized uses of the property, facilities and endowments of the University" and to issue orders related thereto "from time to time as may be appropriate."

Plaintiffs in their complaint allege that a number of activities occurring on the campus of the university constitute crimes under various sections of the Criminal Code of 1963. Plaintiffs have requested the court to retain jurisdiction, presumably to require the regents to act affirmatively in some manner to prohibit such alleged acts. The district court, however, correctly pointed out that if plaintiffs have knowledge of crimes committed on the campus their proper course of action is to advise the county attorney for Hennepin County of the facts for prosecution.

In addition, we think it must be recognized that if the Board of Regents were fully to implement a great many of plaintiffs'

demands, very substantial issues would be raised as to disregard of due process, equal protection, and First Amendment rights safeguarded by the Federal and Minnesota Constitutions.

We are unable to see how any relief could be granted in these proceedings. In any action for declaratory relief, the court has full discretion pursuant to Minn. St. 555.06 to refuse to enter a judgment or decree granting relief where such judgment or decree would not terminate the controversy giving rise to the proceedings; and since in this case no specific judgment or decree covering the matters alleged could be prepared which would terminate the controversy, the district court's entry of judgment for defendants on the pleadings must be upheld as a proper exercise of discretion.

The judgment appealed from is accordingly affirmed.

Affirmed.