MAXWELL *v.* STEWART.

1. Where there is no assignment of error, the defendant in error may either move to dismiss the writ, or he may open the record and pray for an affirmance.
2. In a suit upon a judgment of a sister State, objections to the form and sufficiency of the evidence offered to prove the record on which the action is brought cannot be sustained; the document offered being properly certified to be "a true and faithful copy of the record of the proceedings had in the cause."

3. Nor is it a valid objection against the jurisdiction of the court rendering the judgment that the record shows that the cause was tried without the intervention of a jury, and did not show that a jury had been waived as provided by statute.

Error to the Supreme Court of the Territory of New Mexico.

Stewart brought an action in a State court of Kansas against Maxwell. The writ was returned, "Not served." Thereupon an attachment was issued and levied on his property. A bond was then entered into by which the property was released.

The judgment entry recited that "the plaintiff appeared by his attorney, J. C. Henningray, and the defendant by his attorneys, John Martin and Isaac Sharp, and both parties announcing themselves ready," the trial proceeded.

On the record of this judgment Stewart subsequently sued Maxwell in the Territory of New Mexico, the clerk of the court in Kansas certifying that the record " was a true and faithful copy of the record of the proceedings had in the said court in the said cause;" the cause, namely, in Kansas. Three pleas were put in, alleging certain irregularities and deficiencies in the said record, and also a plea that the judgment was void as the record showed that the case had been tried without a jury. There was no plea alleging that the attorneys who were represented by the record of the judgment to have appeared for the defendant were not authorized to appear.

All the pleas were overruled, a judgment was rendered for the plaintiff, and on appeal to the Supreme Court of the Territory, where the overruling of the pleas was assigned for error, the judgment was affirmed. The defendant now brought the case here.

It may be well to state that by the statute of Kansas,* it is provided that in actions on contracts the trial by jury may be waived, by written consent, or "by oral consent in open court, entered on *the journal.*"

---

* Acts of 1868, p. 684, § 289.

There was no appearance in this court by the plaintiffs in error and no errors had been here assigned. The court accordingly, on the case being called, were about to dismiss the writ. *Mr. P. Phillips, for the defendant in error*, however, opened the record and prayed an affirmance of the judgment.

The CHIEF JUSTICE delivered the opinion of the court.

On examining the record we find that four errors were assigned in the court below. The first three relate to the form and sufficiency of the evidence offered to prove the record of the judgment in the District Court of the State of Kansas upon which the action was brought. We think the objections were not well taken and that there was no error in overruling them.

The fourth is to the effect that the judgment in the Kansas court was void because the cause was tried by the court without the waiver of a trial by jury entered upon the journal. Whatever might be the effect of this omission in a proceeding to obtain a reversal or vacation of the judgment, it is very certain that it does not render the judgment void. At most it is only error and cannot be taken advantage of collaterally.

JUDGMENT AFFIRMED.

---

NOTE.

A motion was afterwards made by *Mr. J. S. Watts, for the plaintiff in error*, to rehear the case; but the motion was denied.