# HARMON, RESPONDENT, v. COMSTOCK HORSE AND CATTLE COMPANY; APPELLANT.

PLEADING—*Jurisdiction of inferior court.*—In pleading the judgment of a court of inferior jurisdiction, as a Probate Court, and the issuance of an attachment therefrom, the complaint must allege the facts which gave such inferior court jurisdiction over the defendant therein, and authorized it to issue the writ.

SAME — *Judgment—Issuance of attachment.* — Where in such case it was alleged that the writ of attachment was "procured," and the judgment was "rendered," *held*, that the allegations did not show the issuance of a valid writ of attachment or the entry of a lawful judgment, and that the pleading was fatally defective.

SAME — *Attachment of range stock.*—In an action for damages for the conversion of certain horses, alleged to have been attached as range stock under the provisions of chapter 6, title 7 of the Code of Civil Procedure, in an action in a Probate Court, the complaint must show that the horses referred to were range stock within the meaning of the statute.

ATTACHMENT—*Service of process—Office hours.*—Chapter 6, title 7 of the Code of Civil Procedure provides in substance that range stock may be attached between the first day of November and the next succeeding fifteenth day of May, by the filing of a copy of the process with the recorder of the county.  The filing in the case at bar was made with the proper officer upon the fourteenth day of May, at 10:30 P. M.  *Held*, that section 911, fifth division of the Compiled Statutes, providing that county offices shall be kept open during the business hours of each day, does not prohibit the transaction of official business at other times, and the service of the process was valid.

*Appeal from Fourth Judicial District, Custer County.*

The cause was tried before LIDDELL, J., without a jury.

The findings and judgment were for the plaintiff. Defendant appeals from an order overruling a motion for a new trial.

*James W. Strevell,* and *James H. Garlock,* for Appellant.

The complaint does not allege sufficient facts to show that the Probate Court acquired any right to issue a writ of attachment in the case of *Harmon* v. *Speelman,* in that court. There is not an intimation that a complaint was filed in the Probate Court, or that a summons was issued or served upon Speelman, or that an undertaking on attachment was given; nothing only that he "procured from said court a writ of attachment." That Probate Courts in this Territory are courts of limited jurisdiction, it would seem a waste of time to argue. (Rev. Stats. U. S. § 1932.) If they are courts of inferior jurisdiction, then no presumption can be rightfully indulged in favor of the correctness of their proceedings; on the contrary, a complaint claiming a right which is alleged to have been acquired by a proceeding in such court, must contain such averments as will show that the inferior court had jurisdiction to issue the writ under which the right or interest is claimed. (*Frees* v. *Ford,* 6 N. Y. 176; *Van Etten* v. *Hurst,* 6 Hill, 311; 41 Am. Dec. 748; *Bowman* v. *Russ,* 6 Cowen, 234; *Van Buskirk* v. *Irving,* 7 Cowen, 35; *Whitney* v. *Shufelt,* 1 Denio, 592; *Staples* v. *Fairchild,* 3 N. Y. 41; *Winter* v. *Fitzpatrick,* 35 Cal. 269; *Lowe* v. *Alexander,* 15 Cal. 297.) The complaint did not show that the property sought to be attached in the Probate Court was such property as is "commonly known as range stock," or that it was "running and roaming at large upon the range." Both of these conditions must exist before this statute can be made available in relation to such property, and must be alleged in the complaint. (*Manton* v. *Tyler,* 4 Mont. 364; *Dye* v. *Dye,* 11 Cal. 163; *Rhoda* v. *Alameda County,* 52 Cal. 352.) The plaintiff not only does not allege that this property was range stock and running at large, but when the defendant intimates such a thing, he denies it by his replication in express terms. The copy of

the writ and notice of attachment in the case in the Probate
Court was not filed in the office of the recorder at a time of the
year when property could be attached in that way. The writ
was filed at the hour of 10:30 P. M., of May 14th, and long
after the office had been closed to business on that day. A writ
and notice filed at that time was not constructive notice to any
one, and hence no right would accrue under it. The time
expired with the closing of the office of the recorder for busi-
ness on the fourteenth day of May. Being filed as it was, after
the close of ordinary business hours, it could not be deemed a
public record, or to impart notice to any one until the opening
of the office for business on the following day, the fifteenth day
of May, which was too late for the levying of an attachment in
that way. (*Hathaway* v. *Howell*, 54 N. Y. 97; *Wardell* v.
*Mason*, 10 Wend. 573; *McFarland* v. *Pico*, 8 Cal. 626.)

*C. R. Middleton*, for Respondent.

On the question that the complaint does not show that the
Probate Court acquired jurisdiction to issue the writ of attach-
ment, the respondent submits that an examination of the com-
plaint will show that this plaintiff commenced an action in the
Probate Court of said county against one Speelman, and in that
action procured the issuance of a writ of attachment out of said
court, which writ was served by the sheriff by the filing of a copy
thereof, with a notice specifying the property attached, in the office
of the county clerk of said county. Copies of this writ and notice
are made a part of the complaint in this action. The allegation
of the complaint "that the plaintiff commenced a suit in the
Probate Court," etc., is equivalent to an averment that he filed
a complaint. The issuing of a summons is not jurisdictional
under our statute. The statute providing for the constructive
levy of an attachment during certain months of the year on any
cattle or horses running or roaming at large, does not contem-
plate that such animals must be identified as range stock, for
that would be unreasonable and impossible. The New York
statute, under which the case of *Hathaway* v. *Howell* (cited by
appellant) was decided, specifically defines the hours of each day
during which the office of county clerks shall be kept open, and
is not authority in this case, for the reason that our statute has

not attempted to define what is meant by business hours. The court will not reverse a judgment on the ground that the complaint does not state the facts quite as fully as it ought. If no demurrer has been interposed there must appear to be an entire want of material facts to justify the disturbing of the judgment. (*Hibernia S. & L. Society* v. *Ordway*, 38 Cal. 679; *Gardner* v. *Marshall*, 9 Cal. 268.)

BLAKE, C. J. — This action was commenced by Harmon to recover damages for the wrongful taking by the appellant, a corporation, of certain horses which are described in the complaint. The cause was tried by the court below without a jury, and the findings of the facts which are pertinent to this hearing are to this effect, to wit: That Harmon commenced an action May 14, 1887, in the Probate Court of Custer County, against one Speelman, upon an account for $200.16; that an attachment was then issued out of said court, and placed in the hands of the sheriff of the county; that the writ of attachment was levied the same day upon said horses, by filing a copy thereof in the office of the recorder of deeds of the county, with a list of said property annexed thereto, and a notice that the said range stock was attached by virtue of the writ; that said horses were then range stock, and running and roaming at large upon the range; that afterwards the appellant, without the consent of Harmon or the sheriff, took and drove away the horses from their range, and converted them to its use; that a judgment was entered in the Probate Court June 3, 1887, for Harmon and against Speelman, for the sum of $255.66, which has not been paid, and is wholly due; that the sheriff, after diligent search, has not been able to find the horses, or any property of Speelman out of which any part of said judgment can be satisfied; and that Harmon has been damaged by these acts of the corporation in the sum of $255.66. The judgment was entered accordingly for Harmon. The motion for a new trial was refused, and the corporation appealed.

No testimony was offered by the company, and the notice of the motion for a new trial specifies the particulars in which the evidence produced on the trial is insufficient to justify the findings. An examination of the transcript satisfies us that none of

the findings can be set aside upon this ground. An analysis of the testimony, and a statement of the deductions therefrom, would be valueless to the parties, and are therefore omitted.

The errors of law which are assigned and relied on in the brief of the appellant will be reviewed. At the trial the appellant made many objections to the introduction of the testimony, which depend upon one legal proposition: that the complaint does not state facts sufficient to constitute a cause of action, and that it does not appear that the Probate Court had the right to issue the writ of attachment in the case of *Harmon* v. *Speelman*. We quote from the pleading the paragraphs which relate to these matters: —

"That on the fourteenth day of May, A. D. 1887, the plaintiff commenced a suit in the Probate Court of said county against one S. F. Speelman upon an account for the sum of $200, and interest thereon, and then and there procured from said court a writ of attachment in said cause.

". . . . That on the third day of June, A. D. 1887, the said Probate Court rendered judgment in favor of this plaintiff, and against the said S. F. Speelman, in the sum of $209.56, and costs in the sum of $46.10, amounting in all to the sum of $255.66."

These allegations are not denied by the answer, and for the purposes of this action must be taken to be true. This court has held in *Charlebois* v *Bourdon*, 6 Mont. 376, that "the Probate Court is of limited jurisdiction." In pleading at common law the judgment of this inferior tribunal, it is necessary to set forth the facts which confer jurisdiction. (*Turner* v. *Roby*, 3 N. Y. 193, and cases cited; *Smith* v. *Andrews*, 6 Cal. 652; *Townsend* v. *Gordon*, 19 Cal. 188.) The rule has been modified in this State by the enactment of the following section of the Code of Civil Procedure: "In pleading a judgment or other determination of a court or officer of especial jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction." (§ 103.) Statutes of the same import have been passed in New York, California, Indiana, Nevada, and other States, and received judicial interpretation.

In *Hunt* v. *Dutcher*, 13 How. Pr. 540, the court holds that an allegation that "judgment was entered in said action . . . . is clearly not equivalent to the words that such judgment has been, or was 'duly given or made.'" In *Young* v. *Wright*, 52 Cal. 410, Mr. Justice Crockett, in the opinion, says: "A party wishing to avail himself of a provision of this character must comply strictly with its terms. In exonerating him from an obligation which would otherwise be incumbent upon him, the statute prescribes the precise conditions on which he is to be relieved; and they must be strictly performed. In this case the averment is not that the judgment was duly 'given or made,' but that it was 'duly rendered'; and we are inclined to think these are not equivalent terms. A judgment is duly 'rendered' when it is duly pronounced and ordered to be entered. (*Gray* v. *Palmer*, 28 Cal. 416; *Peck* v. *Courtis*, 31 Cal. 207; *Genella* v. *Relyea*, 32 Cal. 159.) But a judgment duly 'made or given' is a complete judgment properly entered in the judgment book, so that it may be pleaded in bar of another action." In *Keys* v. *Grannis*, 3 Nev. 551, the court says: "To show the jurisdiction is as necessary, under our practice, as it ever was; the only change being in the manner of stating it." (See, also, *Crake* v. *Crake*, 18 Ind. 156; *Judah* v. *Fredericks*, 57 Cal. 391; *Los Angeles* v. *Mellus*, 59 Cal. 451.)

This court held, in *Territory* v. *Cox*, 3 Mont. 205, that an averment is sufficient in a complaint which alleges that letters testamentary which had been granted were "duly revoked" by the Probate Court. In *Hootman* v. *Bray*, 3 Mont. 411, Chief Justice Wade says, in the opinion: "Neither the original answer nor the proposed amendment contain any averment showing that the attachment was regularly issued by a court having jurisdiction; and this, we hold, is a fatal defect in a case like the one we are considering, where the plaintiff claims the property by a prior sale, and the officer attempts to justify the levy by impeaching such sale for fraud."

We are not required to state fully the pleadings in this action, but assert that the respondent cannot prevail unless he alleges and proves the issuance of a valid writ of attachment, and the entry of a lawful judgment. The foregoing facts, which are material and relevant, lead to this conclusion. The writ of

attachment was essential to enable the respondent to acquire a statutory lien upon the horses. When the allegations of the complaint which have been cited are examined in the light of the authorities, it is plain that they are fatally defective, and do not conform to the rule of the common law, or the statute. It is not averred that the judgment or other determination of the Probate Court has been "duly given or made," but it is alleged that the judgment was "rendered" and the writ of attachment was "procured." The pleading does not contain the facts which would authorize the Probate Court to issue the writ of attachment against the property in controversy, or give it jurisdiction over the defendant Speelman. Among other matters pertaining to the Probate Court in the case of *Harmon* v. *Speelman*, which should be specified in the complaint, and do not appear, are the following: That a complaint was filed; that a summons was issued and served; that an affidavit of attachment and undertaking on attachment were filed; and that the horses referred to were "range stock," within the purview of the statute providing for the "attachment of live-stock on ranges." The transcript shows that the appellant has been persistent in attacking the complaint, and pointing out these defects; and the respondent should have appealed to the liberality of the Code of Civil Procedure, and the decisions of this court, in allowing amendments to pleadings. The court below erred in overruling the objections of the appellant to the introduction of the testimony in support of the findings.

Another legal question, which will necessarily arise in the retrial of this action, can be finally decided at this time. It appears that the property was attached under the provisions of the Code of Civil Procedure as "horses running and roaming at large and commonly known as 'range stock.'" (Title 7, ch. 6.) The law defines what shall constitute a sufficient service of process "between the first day of November and the next succeeding fifteenth day of May," and that certain copies and notices shall be filed "with the recorder of the county wherein such property is running at large." It is conceded that the proper officer made this filing in his office upon the fourteenth day of May, 1887, in the night-time, at 10:30 P. M. The appellant maintains that this hour was too late for the transaction of

official business, and that the attachment papers cannot be deemed public records to impart notice until the succeeding day. The postponement of the legal consequences of this action of the recorder until the fifteenth day of May would destroy the lien sought to be secured on the horses by these proceedings, and prevent Harmon from levying thereon in this mode until the following month of November. The case of *Hathaway* v. *Howell,* 54 N. Y. 97, which is cited by the appellant, is inapplicable. The laws of New York prescribe the hours during which the offices of this public nature must be open for the people; and the subject is not definitely regulated by the statutes of the State, although the same shall be opened during the business hours of each day. (Comp. Stats. div. 5, § 911.) But these periods are not fixed, and the transaction of official business at other times is not prohibited.

One section of the Code under investigation provides that "it shall be the duty of said county recorder to file all papers deposited with him for that purpose, and required to be filed under this chapter, and preserve the same as other records of his office are preserved." (Code Civ. Proc. § 226.) "There shall be kept in the recorder's office of the county recorder of each county a book called 'Attachment Book,' in which shall be entered by such recorder, in alphabetical form, the names of any person or persons against whom any writ or notice of attachment has been filed in his office. There shall also be entered in said book the time such writ was filed." (Code Civ. Proc. § 205.) The county recorder has complied in all respects with the laws.

The contention of the appellant cannot be sustained. Blackstone gives this definition: "In the space of a day all the twenty-four hours are usually reckoned; the law generally rejecting all fractions of a day, in order to avoid disputes. (Co. Litt. 135.) Therefore, if I am bound to pay money on any certain day, I discharge the obligation if I pay it before twelve o'clock at night, after which the following day commences." (2 Blackst. Com. 141.) In *National Bank* v. *Burkhardt,* 100 U. S. 689, the court says: "For most purposes, the law regards the entire day as an indivisible unit. But when the priority of one legal event over another, depending upon the order of events occurring on the

same day, is involved, this rule is necessarily departed from." (*Lapeyre* v. *United States*, 17 Wall. 198; *Garity* v. *Gigie*, 130 Mass. 184; *Westbrook Manuf. Co.* v. *Grant*, 60 Me. 93; *Benson* v. *Adams*, 69 Ind. 354.) The mere fact that the county recorder filed the attachment papers at an hour when his office is usually closed does not invalidate the process in *Harmon* v. *Speelman*. It is therefore ordered and adjudged that the judgment be reversed, with costs, and that this cause be remanded for a new trial.

HARWOOD, J., and DE WITT, J., concur.