WEAVER, APPELLANT, v. ENGLISH, RESPONDENT.

[Argued June 29, 1891. Decided July 27, 1891.]

PLEADING—*Judgment of Justice's Court.*—In pleading a judgment of a Justice's Court, the pleader must either aver that the judgment was "duly given or made," as permitted by section 103 of the Code of Civil Procedure, or the facts conferring jurisdiction upon the Justice's Court must be alleged and proved. (*Harmon* v. *Comstock Horse & Cattle Co.* 9 Mont. 243, affirmed.)

*Appeal from Eighth Judicial District, Cascade County.*

Action in ejectment. The cause was tried before BENTON, J. Defendant had judgment below.

*James Donovan,* and *Sterling & Muffly,* for Appellant.

*Geo. W. Taylor,* and *John W. Stanton,* for Respondent.

BLAKE, C. J.—This action was commenced originally in the Justice's Court of Cascade County, and appealed to the District Court. The complaint alleges that the plaintiff was in the peaceable possession of a parcel of land at a certain time,

and that the defendant forcibly entered thereon, and continues in the wrongful occupation thereof. The answer contains as a defense this averment: "That on the nineteenth day of July, 1890, in an action then pending before John P. Dyas, a then justice of the peace in and for the county of Cascade, State of Montana, between the above-named plaintiff, James Weaver, and this defendant, Robert English, involving the same cause of action and issues, and for the possession of the same land as is involved in this action, this defendant recovered a judgment in his favor and against the plaintiff, together with his costs, and that at said time this cause of action was adjudicated." At the trial, all the papers on file in the action before said justice of the peace, and oral testimony relating to the same, were admitted in evidence. The plaintiff objected to this ruling of the court, and stated this, among other grounds, that "the defendant has failed to establish and prove the jurisdiction of the justice of the peace." There was no allegation of such jurisdiction in the answer; there was no proof thereof, and the subject was ignored in the instructions. These are the words of the court: "If you believe from the evidence that the case in the Justice's Court was between the same parties, involving the same land and the same question, as to the adverse possession at that time, and you are satisfied from the evidence that the case was tried and determined, that would end the case right there, and it would be your duty to return a verdict for the defendant. The question as to whether it was adjudicated and tried, and whether it was the same parties and the same land, and all those questions, are entirely for the jury to decide; but if you decide that such is the fact, that is the end of the case, and you need go no further, but should return a verdict for the defendant." The allegation of the answer does not follow the language of the Code of Civil Procedure. "In pleading a judgment or other determination of a court, or officer of especial jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made." (§ 103.) This statute, and matters of like nature, were recently reviewed by this court in *Harmon* v. *Comstock Horse & Cattle Co.* 9 Mont. 243. Under this authority, we say that, inasmuch as the answer did not state that the

judgment had been "duly given or made," it was necessary for the defendant to allege and prove the facts which conferred jurisdiction upon the Justice's Court to hear and determine the case, which was pleaded in bar of this action. The court below tried the issues upon an erroneous theory. It is therefore adjudged that the judgment be reversed, and that the cause be remanded, with directions to grant a new trial.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.