JOHN M. SCANLAN *vs.* PATRICK E. MURPHY *et al.*

Submitted on briefs Dec. 1, 1892.  Decided Dec. 16, 1892.

**Conveyance Fraudulent as to Creditors—Action to Vacate.**

In an action to vacate a conveyance, fraudulent as to creditors, the plaintiff need not show that he has followed his legal remedy further than to recover and docket his judgment.

**Same—Complaint—Requisites of.**

In the complaint in such an action .the debt for which the judgment was rendered need not be stated with the definiteness required in a complaint to recover the debt.

**Jurisdictional Facts Need not be Set Out.**

In pleading a judgment it is enough to allege that it was rendered in an action pending, without pleading the jurisdictional facts, or using the words in 1878 G. S. ch. 66, § 108.

Appeal by defendants Patrick E. Murphy and Mary A. Murphy, his wife, from an order of the District Court of Ramsey County, *Brill,* J., overruling their demurrer to the complaint.

The plaintiff, John M. Scanlan, complained that on July 13, 1888, the defendant Patrick E. Murphy, was owing him $64, and that a judgment was rendered thereon April 8, 1890, against Murphy in the District Court of Ramsey county for $127.91 damages, and costs, and that the judgment was duly docketed April 18, 1890, and an execution issued and returned wholly unsatisfied. That on July 13, 1888, Murphy was insolvent, but owned certain lots in St. Paul, and on that day he and wife conveyed them, without consideration, to Joseph M. Gooding, and he on the same day conveyed them, without consideration, to the defendant Mary E. Murphy, the judgment

debtor's wife. That the deeds were made to hinder, delay and defraud Murphy's creditors, and that he has no other property. The prayer of the complaint was that the judgment be decreed a lien on the lots, and for costs.

Murphy and wife demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and they appeal.

*Warner, Richardson & Lawrence,* for appellants.

Under our statutes, a suit in the nature of a creditor's bill will not lie. Plaintiff could obtain the relief he seeks only through an action brought by a receiver appointed in supplementary proceedings. Upon the adoption of the Code, all bills of discovery were abolished and proceedings supplementary to execution were provided as a substitute for the creditor's suit in chancery. *In re Remington,* 7 Wis. 643; *Graham* v. *La Crosse & M. R. Co.,* 10 Wis. 459; *Joyce* v. *Spafard,* 9 Civ. Proc. R. (N. Y.) 342; *McCartney* v. *Bostwick,* 32 N. Y. 53.

In pleading a judgment it is necessary to state the facts showing the jurisdiction of the court to render it, or to use substantially the language of the statute that the judgment was duly made or given. This complaint simply states that a judgment was rendered. This is not sufficient. The word "duly," required by the statute, is of the highest importance and was used in order to set forth in short order that all jurisdictional requirements have been obeyed. Maxwell, Code Pl. 90, 91; *Hunt* v. *Dutcher,* 13 How. 538; *Roys* v. *Lull,* 9 Wis. 324.

*Jayne & Morrison,* for respondent.

GILFILLAN, C. J. Action to have a conveyance of real estate declared fraudulent and void as to plaintiff's judgment, recovered against the grantor. On demurrer to the complaint the defendants claim that the action will not lie, because the plaintiff has, by proceedings supplementary to execution, an adequate remedy at law, and that those proceedings were intended to be substitute for such an action. In *Banning* v. *Armstrong,* 7 Minn. 40, (Gil. 24,) the na-

ture of the action was fully considered, and it was held that, as it is not in the nature of a creditors' bill to discover assets, but one to remove an obstruction in the way of the creditors' legal remedy by execution, it is only necessary that the plaintiff shall have a lien by judgment on the real estate subsequent to the fraudulent conveyance; and this was followed in *Rounds* v. *Green*, 29 Minn. 139, (12 N. W. Rep. 454,) and *Wadsworth* v. *Schisselbauer*, 32 Minn. 84, (19 N. W. Rep. 390.) It is not necessary, therefore, for the creditor to follow his legal remedy further than to recover and docket his judgment.

The statement in the complaint of the debt upon which the judgment was recovered might not be sufficiently definite for a complaint in an action to recover the debt, but it is sufficient in the complaint in this action, the only purpose of the allegation being to show that the judgment was recovered on a debt accruing prior to the fraudulent conveyance.

In pleading a judgment, where the facts conferring jurisdiction are not pleaded, the exact form of words in 1878 G. S. ch. 66, § 108, "such judgment or determination may be stated to have been duly given or made," need not be used if equivalent words are used. The word "duly," when used, does not refer to the regularity of the judgment, or its freedom from error, for that cannot be collaterally called in question, but it is equivalent to an allegation of facts showing jurisdiction. The allegation that the judgment was rendered in an action pending is to the same effect, and is sufficient.

Order affirmed.

(Opinion published 53 N. W. Rep. 799.)