25  385
30  477
25  385
32  578

WALTER, APPELLANT, *v.* MITCHELL, RESPONDENT.

(No. 1,317.)

(Submitted April 15, 1901.   Decided June 3, 1901.)

*Insane Persons—Injuries—Asylums—Negligence—Pleading.*

Under Code of Civil Procedure, Sec. 745, providing that, in pleading a judgment of a court, it may be stated to have been duly given or made, a complaint alleging that an insane person was "so declared by a court of competent jurisdiction," and "was duly committed to the insane asylum," does not show the duty of the keeper of the asylum to receive and keep such person, under Political Code, Sec. 2308, providing that the insane person, together with the order of the judge and certificate of the physicians, must be delivered to the keeper of the asylum, since the allegation does not show the name of the court or that any order was made or delivered to the keeper.

*Appeal from District Court, Deer Lodge County; Theo. Brantly, Judge.*

ACTION by Martha Walter against A. H. Mitchell for negligently causing the death of her husband. Judgment for defendant. Plaintiff appeals. Affirmed.

*Mr. J. H. Myers* and *Messrs. Rodgers & Rodgers,* for Appellant.

*Mr. T. J. Walsh, Mr. William H. DeWitt* and *Mr. Edward Scharnikow,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This cause is an appeal from a judgment, and on motion to dismiss on the ground that the action has abated by reason of the death of the defendant.

The case came before the district court on demurrer to the amended complaint on the ground of want of substance. The demurrer was sustained, and plaintiff elected to abide her complaint. Judgment was thereupon rendered for the defendant. Since the appeal the defendant has died and his executrix has been substituted.

We shall not consider the motion to dismiss. It is apparent that the court was right in its ruling on the demurrer, and the judgment must be sustained.

Several reasons are set forth by defendant's counsel why the complaint does not state a cause of action. It will be sufficient to pass upon one ground only.

It is attempted to charge the defendant with responsibility for the death of the husband of plaintiff; the law invoked being Section 579 of the Code of Civil Procedure: "When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or, if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section such damages may be given as under all the circumstances of the case may be just."

It is averred in the plaintiff's pleading that defendant, being charged by the terms of his contract with the state of Montana

with the duty of keeping, caring for, maintaining, properly treating and restraining at the insane asylum at Warm Springs, Montana, all persons adjudged insane within the state, one James Roads was, on the 19th day of March, 1896, while the defendant was charged with the duty aforesaid, "an insane person, and so insane and deranged in mind as to be dangerous to life, persons and property, and was on said day so declared by a court of competent jurisdiction within the state of Montana to be an insane person, and sufficiently deranged in his mind to endanger life, person and property, and was duly committed to the said insane asylum at Warm Springs, in the county of Deer Lodge, state of Montana, and was so an inmate thereof at the time said Mitchell and Mussigbrod undertook and entered into said contract, and was committed and came into their hands as an insane person, and under their contract they undertook to keep, provide for, maintain and restrain said Roads at said insane asylum at Warm Springs, county of Deer Lodge, state of Montana."

To establish, *prima facie,* the duty of the defendant to keep the alleged insane person in his custody, and not to permit him to be at large, it was necessary to allege, or state facts to show, that the insane person was turned over to the defendant under a commitment such as the law required, from a competent tribunal, stating the name and style of the court, and that the person had been found insane and a proper subject for commitment.

Section 2308 of the Political Code, in force at the time of the alleged commitment, is as follows: "The insane person, together with the order of the judge and certificate of the physicians, must be delivered to the sheriff of the county, and by him must be delivered to the officer in charge of the insane asylum." When the officer in charge of the insane asylum has the insane person thus turned over to him, and has received the order of the judge and the certain certificate of the physicians, he stands charged with the duty to keep the insane person in his custody, and to care for, maintain and treat him as pro-

vided in the contract, presumably made in conformance with the law, and so to do until the person is lawfully discharged from the asylum.

The only allegation in the complaint as to the manner of the entry of Roads into the asylum is the language heretofore set forth, being the same substantially in each of the two counts of the amended complaint. There is not anything stated in the amended complaint which even tends to show that the officer in charge of the insane asylum ever was required by any tribunal of this state to receive or keep in his custody the man Roads. There is only one way to charge the officer with such duty, and that is to turn the insane person over to him under the order of a competent tribunal; and the order should show on its face that it was issued and made by a competent tribunal. There is nothing in the pleading to show that any such order, good or bad, was ever made by any judge, or ever received or brought to the notice of the defendant. It cannot be inferred from the amended complaint that any district judge in the state, under the law then in force, ever made any order that Roads "be confined in the insane asylum." (Section 2307 of the Political Code of 1895.) The only reference to the court is in the statement that on a certain day in March, 1896, Roads was declared insane, etc., "by a court of competent jurisdiction within the state of Montana." In pleading a judgment or other determination of a court, officer or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. (Section 745, Code of Civil Procedure.) The name of the court certainly must appear, and words equivalent to "duly given or made," in referring to the judgment, if a judgment is relied on, must be used. (*Harmon* v. *Comstock Horse & Cattle Co.*, 9 Mont. 243, 23 Pac. 470.) "Declared by a court of competent jurisdiction within the state of Montana" is not a phrase informing this court of the style and character of the tribunal which it can judicially notice as competent. To connect such a phrase with the words "was duly committed" by the

conjunction "and" is not to make a statement from which we can notice or properly infer that the officer received Roads upon a commitment of a court of this state, acting in the matter within its jurisdiction and directing that he be confined in the asylum, or that there was any order by any judge ever given or made, or by the officer ever had or received.

There is nothing in the pleading to show that the officer was ever charged with the duty of confining Roads. The court below did not err in sustaining the demurrer.

It is not intended that from anything said in this opinion it is to be inferred that, if the insane person was regularly committed, and was allowed to go at large as alleged, the defendant would be liable, under said section 579, in damages for the death of plaintiff's husband by the hand of the insane man allowed to go at large, as claimed by plaintiff. We do not decide this point.

*Judgment affirmed.*

MR. CHIEF JUSTICE BRANTLY, having tried the case in the court below, takes no part in the foregoing decision.

Motion for rehearing denied July 2, 1901.