ROBINSON, RESPONDENT, *v.* GORDON, APPELLANT.

(No. 4,473.)

(Submitted September 22, 1921. Decided October 17, 1921.)

[201 Pac. 573.]

*Malicious Prosecution—Dismissal of Criminal Charge—Judgment—Pleading—Sufficiency—Want of Probable Cause—Improper Instruction.*

Malicious Prosecution—Dismissal of Criminal Charge—Judgment—Pleading—Sufficiency.

1. Allegation of the complaint in an action for malicious prosecution for grand larceny in a justice's court, to the effect that the justice dismissed the charge "in due manner, in due course of law," *held* sufficient to show determination of the prosecution in plaintiff's favor, and not open to the objection that it was fatally defective because not in conformity with section 6571, Revised Codes, providing that where a judgment or other determination of a court is pleaded it may be stated as having been "duly given or made," the statute applying only where the pleader chooses to allege the jurisdiction of the court in the abbreviated form in a cause where the right of action depends upon the validity of the judgment or order pleaded.

Same—Want of Probable Cause—Improper Instruction.

2. Refusal of an offered instruction that if plaintiff in an action for malicious prosecution was guilty of an offense different from the one charged against him, which was dismissed, his discharge will not show want of probable cause necessary to sustain his action, was proper as being too broad.

*Appeals from District Court, Silver Bow County; J. J. Lynch, Judge.*

ACTION by E. S. Robinson against Mike Gordon. From a judgment for plaintiff and from an order overruling his motion for new trial, defendant appeals. Affirmed.

*Mr. William Meyer* submitted a brief in behalf of Appellant; *Mr. Harry Meyer* argued the cause orally.

*Mr. A. B. Melzner* and *Mr. Ed. Fitzpatrick* submitted a brief of Respondent; *Mr. Fitzpatrick* argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Action was brought to recover damages for alleged malicious prosecution. Verdict was rendered in favor of plaintiff, and judgment entered in accordance therewith. A motion for new trial was overruled. Defendant has appealed from the judgment and from the order overruling the motion.

Several assignments of error are made, but appellant has [1] expressly waived all but two of them. One of these assignments is that the complaint fails to state facts sufficient to constitute a cause of action. The alleged defect in the complaint is the insufficiency of the statement as to the order of the justice court dismissing plaintiff on preliminary examination on a charge of grand larceny that had been lodged against him by defendant. The allegation of the complaint in this respect is as follows: "The said justice of the peace, in due manner, in due course of law, made an order dismissing the complaint and releasing said plaintiff from further prosecution under said complaint."

Defendant urges that this allegation is insufficient for the reason that it is not alleged *in haec verba* that the order of

the justice of the peace was "duly given or made." This contention is based upon section 6571 of the Revised Codes, which reads as follows: "In pleading a judgment, or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made."

Defendant cites the following four cases heretofore decided by this court in support of his argument as to the proper interpretation of this statute: *Harmon* v. *Comstock H. & C. Co.,* 9 Mont. 243, 23 Pac. 470; *Weaver* v. *English,* 11 Mont. 84, 27 Pac. 396; *Walter* v. *Mitchell,* 25 Mont. 385, 65 Pac. 6; *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1045.

It is to be noted that in each of these cases the judgment pleaded was the basis of the right upon which the action was founded. In *Harmon* v. *Comstock, supra,* plaintiff's right of action depended upon the validity of an attachment, and of course the validity of the attachment depended upon the jurisdiction of the court. In *Weaver* v. *English, supra,* defendant pleaded a judgment as *res adjudicata;* his right depended on the validity of the judgment. The plea was held insufficient because it failed to show the jurisdiction of the court rendering the judgment pleaded, nor was it alleged that the judgment was duly given or made. In *Walter* v. *Mitchell, supra,* the right of action was based upon the obligation of defendant, as contractor in charge of the Insane Asylum at Warm Springs, to receive an insane person upon order of a court; this obligation was dependent upon the validity of the order of commitment. It was held that the pleading failed to establish the jurisdiction of the court or that the order of commitment was duly given or made. In *State* v. *Lagoni, supra,* the right of action depended upon the validity of a bail bond given upon the order of a justice of the peace to assure the appearance of defendant

who had been released from custody. If the order was without jurisdiction, the bond was *nudum 'pactum,* and therefore not enforceable. It was held that the pleading was insufficient because it neither showed jurisdiction of the court requiring the bond, nor that the order requiring the bond was duly given or made.

Prior to the enactment of this statute it was necessary, in all cases where the right of action depended upon the validity of a judgment, to allege facts showing that the court rendering the judgment had jurisdiction so to do. The statute was evidently enacted to simplify the pleading of a judgment or order, and provide that such judgment or order may be stated to have been duly given or made as being sufficient to establish the jurisdiction of the court and validity of the judgment or determination. "Of course, stating that an order was 'duly given or made' is no more than the statement of a conclusion of law, but it is made sufficient by statute, and is for the purpose of obviating the necessity of pleading the jurisdictional facts as the common law requires." (*State* v. *Lagoni, supra.*)

From the foregoing it is clear that in pleading a judgment or determination of the court upon which a right is founded, it is necessary that the jurisdiction of the court be set forth, or that it be alleged that the judgment or determination was duly given or made or that equivalent words be used. In this case we do not deem it necessary to decide whether or not the words used in the complaint are equivalent to the words set forth in the statute for the reason that in this case the right of action does not depend upon the jurisdiction of the court and the validity of the order dismissing the charges against defendant and releasing him from further prosecution. In a case of this kind the importance of pleading the action of the court in dismissing the charges and releasing the defendant rests in the fact that it must appear that the proceedings which were commenced against the

plaintiff terminated favorably to him. Plaintiff is not predicating his action upon the validity of the order in question, but upon the fact that the action was brought against him maliciously, without probable cause, and was terminated in his favor. This view of the case is sustained by the decision of this court in *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189. In that case one of the three causes of action was for malicious prosecution. The allegation was that "Stephens was, by an order of the district court, discharged from custody and from prosecution on said charge." This was held to be sufficient because it disclosed the fact that the proceedings had terminated favorably to Stephens. In this case the complaint clearly shows such favorable termination of the proceedings against plaintiff, and is therefore sufficient in this regard.

The other assignment of error relied upon is the refusal [2] of the court to give to the jury defendant's offered instruction, reading as follows: "The discharge of one accused of crime because he was not guilty of the offense charged will not, if he was actually guilty of an offense different from that under which the prosecution was instituted, and under which he should have been prosecuted, show want of probable cause so as to sustain an action for malicious prosecution."

We think this instruction was too broad. The effect of the instruction would have been to advise the jury that, if it found that plaintiff was actually guilty of any offense regardless of what it was and whether or not it related to the facts involved in the criminal charge preferred against plaintiff by defendant, and regardless of whether or not there was any judicial determination of the matter, then plaintiff's discharge on the accusation of defendant would not show want of probable cause so as to sustain an action for malicious prosecution. Under the statute of this state, on preliminary examination before a justice of the peace,

[61 Mont. 124.]

the justice, if the evidence warrants it, may hold the accused for trial upon a different charge than that for which complaint was filed. (Sec. 9090, Rev. Codes.) If upon the preliminary hearing the justice of the peace had held plaintiff for trial upon any charge whatever, which at the time of the trial of this action was still pending or upon which plaintiff had been convicted, a different question might be presented to this court, but such was not the case. At the time of trial there was not any judicial determination in force against plaintiff holding him for trial on any criminal charge, nor had he been convicted of any offense. It certainly was not within the province of the jury to indulge in an independent investigation on its own account, in a civil case, to determine whether or not plaintiff perchance was guilty of some offense against the laws of the state or nation different from that involved in the prosecution which had been instituted by defendant. The court was right in refusing to give this offered instruction.

For these reasons the judgment and order overruling the motion for new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICE HOLLOWAY concur.