## No. 10,959.

PORTER, ET AL. *v.* HAMMITT, ET AL.

Decided September 14, 1925.   Opinion adhered to November 23, 1925.

Action on judgment of foreign state.   Judgment for defendants.

*Reversed.*

1. APPEARANCE—*Waiver of Process.*   Where defendants answer in an action brought in a court of general jurisdiction, the court acquires full jurisdiction and the question of waiver of process becomes immaterial.

2. PRACTICE AND PROCEDURE—*Notice.*   A defendant who is in default for failure to answer, is not entitled to notice of the setting of the case for hearing and proof.

*On Rehearing.*

3. JUDGMENT—*Foreign State.*   A judgment of a sister state can not be impeached for fraud.

4. COURTS—*Decisions.*   On questions involving the federal Constitution, state courts are controlled by the decisions of the United States Supreme Court.

*Error to the District Court of Kiowa County, Hon. Samuel D. Trimble, Judge.*

Mr. H. A. HICKS, Mr. H. C. POSTLETHWAITE, Mr. W. M. GLENN, for plaintiffs in error.

Mr. JAMES T. LOCKE, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

PLAINTIFFS in error brought this action on a Kansas judgment and were defeated on the ground that said judgment was obtained by fraud.

They now claim that such a judgment can be attacked collaterally for want of jurisdiction only and not for fraud. It has been so held. *Hanley v. Donoghue,* 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; *Thompson v. Whitman,* 18 Wall. 457, 21 L. Ed. 897; *Christmas v. Russell,* 5 Wall. 290, 305, 18 L. Ed. 475. Though there are decisions to the contrary we are inclined to think the claim is right. Be that as it may, however, neither lack of jurisdiction nor fraud is shown in the present case.

The defendants answered in the Kansas court; there was, therefore, jurisdiction of their persons. The court was of general jurisdiction; there was therefore full jurisdiction, and the question of waiver of process, which is mentioned in the briefs, is immaterial.

What is claimed to be fraud was this: On May 12, 1921, one Postlethwaite, attorney for plaintiffs, wrote to one Dickey, who had been attorney for defendants, but had withdrawn or been discharged, saying: "I am planning to be present at the September term and demand trial of this action at that time." May 23rd, Dickey sent this letter to his former clients, saying: "I think this information will be of use to you as you can see that he expects to get the matter disposed of at the September term of court. Whatever arrangements you make in regard to this suit you had better write this party and get permission to file what further pleadings you want to file in the matter." On June 7th, at a special term, the defendants being in default for failure to file an amended answer, the plaintiffs, without notice to defendants, proved their damages and took judgment. The defendants claim that they were led to believe that nothing would be done till September, and so were misled. They took no action for relief, however, in the Kansas court. There is no evidence of intentional deception nor was there any occasion for it nor anything to be gained by it. Postlethwaite might have said nothing and taken judgment since defendants were in default for failure to answer, and were not entitled to notice. He did not say he would not act before September, but that he was

planning to act then. He did not say that to defendants but to a stranger, who, however, informed defendants and warned them that pleadings were due.

The proposition, then, which we are asked to affirm, is that if a defendant in default learns that plaintiff is planning to try the case at a future term, he is absolved from his default, and a judgment based thereon and rendered prior to such term without notice is void. The proposition needs but to be stated to be refuted. The validity of judgments does not rest upon such trifles.

The case of defendants is actually much weaker than we have stated it for general demurrers had been sustained by the Kansas court to three successive answers, their attorneys had withdrawn or they had discharged them without employing others, their fourth answer was five months overdue when judgment was taken, there was no showing of merits and the presumption is there were none since none could be stated in three several attempts to answer.

The judgment is reversed with directions to enter judgment for plaintiffs.

## On Rehearing.

The motion for rehearing called our attention to the fact that the statement in our opinion that defendants were in default at the time of the trial in Kansas was wrong. It is clear that even so the judgment must be reversed and judgment rendered for plaintiff because other matters appearing in the record show there was no fraud; but it is enough to say, as we intimated in the original opinion, that a judgment of a sister state cannot be impeached for fraud. This is a question upon the national Constitution and we are controlled by the decisions of the U. S. Supreme Court which support our proposition: *Mills v. Duryee,* 7 Cranch, 481, 3 L. Ed. 411; *Simmons v. Saul,* 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054; *Hanley v. Donoghue,* 116 U. S. 1, 6 Sup. Ct. 242, 29 L. Ed. 535; *Maxwell v. Stewart,* 21 Wall. 71, 22 L. Ed. 564; *Christmas v. Russell,* 5 Wall. 290, 18 L. Ed. 475; *Broderick's Will,* 21 Wall. 503, 22 L. Ed.

599; *Buckner v. Finley,* 2 Pet. 592, 7 L. Ed. 528; *M'Elmoyle v. Cohen,* 13 Pet. 312, 324, 10 L. Ed. 177; *D'Arcy v. Ketchum,* 11 How. 165, 176, 13 L. Ed. 648; *Thompson v. Whitman,* 18 Wall. 457, 21 L. Ed. 897. The point was also decided by our Court of Appeals in *Bonfils v. Gillespie,* 25 Colo. App. 496, quoting from *Mills v. Duryee* and *Hanley v. Donoghue, supra,* and is precisely met in *Christmas v. Russell, supra,* where the action was debt on a judgment of a sister state; a demurrer to a plea of fraud was sustained and a judgment thereon affirmed. A dictum of Fuller, C. J., in *Cole v. Cunningham,* 133 U. S. 107, seems to the contrary, but the later case of *Simmons v. Saul, supra,* holds with the previous cases.

We adhere to our decision for reversal and judgment for plaintiffs is directed.