No. 12,847.

Gobin et al. *v*. Citizens State Bank of Cheney, Kansas.

(20 P. [2d] 1007)

Decided March 20, 1933.   Rehearing denied April 17, 1933.

Mr. Joe E. Gobin, for plaintiffs in error.

Mr. O. G. Pope, Mr. Earl Blake, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The Citizens State Bank of Cheney, Kansas, brought this action in the district court of Otero county, Colorado, against the defendants Gobin and Gobin, based

upon a judgment of the district court of Sedgwick county, Kansas, a court of general jurisdiction. Upon issues joined, trial was to the court without a jury, and judgment passed against the defendants for the amount still due and payable on the Kansas judgment in the sum of about $1,000. The defendants are here with this writ of error seeking a reversal.

The judgment must be reversed for the following reasons: The third allegation of the complaint reads: "That on the 19th day of April, 1928, the plaintiff recovered a judgment against the defendants in said Sedgwick county district court, in said state of Kansas, for the sum of $1295.77." One of the grounds of the defendants' demurrer to this complaint is that it did not state facts sufficient to constitute a cause of action against them. Section 71 of our Code of Civil Procedure provides: "In pleading a judgment, or other determination of a court   *   *   *, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction." The allegation in this complaint is that plaintiff "recovered a judgment" against the defendants. In 23 Cyc., p. 1515, section c, the author says: "In many states statutes have been enacted prescribing that, in suing on a judgment,   *   *   *   it shall not be necessary to state the facts conferring jurisdiction, but merely that the judgment 'was duly given or made.' This allegation is equivalent to and a substitute for the averment of jurisdictional facts required at common law, and either the words of the statute or words of exactly equivalent import must be employed." The author cites in support of this statement *Scanlin v. Murphy*, 51 Minn. 536, 53 N. W. 799; *Weaver v. English,* 11 Mont. 84, 27 Pac. 396; *People v. Bacon,* 37 N. Y. App. Div. 414, 55 N. Y. Suppl. 1045. In the Montana case the court said that in a complaint on a judgment the judgment may be stated to have been "duly given or made." A complaint

alleging that on a certain date certain parties were "adjudged" bankrupts was held to be an insufficient allegation of the rendition of judgment in that it failed to show that it was duly given or made. It may be that this case from Montana is not the law in this jurisdiction since we held in *United States F. & G. Co. v. People,* 44 Colo. 557, at page 579, that an allegation in a complaint that a certain matter was "duly adjudged and in due form of law" is equivalent to "duly given or made."

There is another reason why the complaint in this case is defective. In 34 C. J., p. 1105, section 1570, the author says: "In order that an action may be maintained in one state upon a judgment recovered in another state, it is necessary that the judgment should be a valid and final adjudication, remaining in full force and virtue in the state of its rendition, and capable of being there enforced by final process." To this are cited a number of cases, among others *Chapman v. Chapman,* 48 Kas. 636, 29 Pac. 1071. Judge Horton said, in effect, in the Chapman case that a suit on a judgment of the court of a sister state will not be executed in Kansas or enforced there unless it is in full force and effect, and capable of being there enforced by final process, in the sister state. There is no allegation in the complaint in the action now before us that the judgment here sued upon can be enforced in the Kansas court. The complaint, therefore, on its face does not state a good cause of action.

Other objections have been urged by counsel for plaintiffs in error upon which they also seek a reversal, but we do not deem it necessary to enter upon a discussion concerning them. This action was pending in the district court of Otero county for more than two years and different orders affecting the pleadings in the case were made at different times by three different judges and it is possible that the judge who tried the case deemed that he was concluded by previous rulings of the other judges on the pleadings who had made orders therein from time to time. However that may be, unless

we disregard the provisions of our statute which are upheld by courts in other jurisdictions upon similar statutes, we must say that this complaint does not state facts sufficient to constitute a cause of action and that objection is one that can be interposed and urged by the defeated party upon review in this court. We desire, however, to call to the attention of counsel the case of *Porter v. Hammitt*, 78 Colo. 320, 241 Pac. 543, where the opinion states that a judgment of a sister state cannot be impeached for fraud. And in *Bonfils v. Gillespie*, 25 Colo. App. 496 (139 Pac. 1054), at page 502, where the court says in such cases the injured party is required, in cases where a judgment of a sister state is attacked for fraud, to resort to the court that rendered the judgment, except in cases where the original court would itself allow the defense of fraud in an action upon the judgment.

Judgment is reversed and cause remanded with instructions to the district court, if further proceedings be had therein, they must not be inconsistent with the views herein expressed.

MR. JUSTICE BOUCK, specially concurring.

The following allegation appears in the complaint of the plaintiff (defendant in error here): "That now, and at the times hereafter mentioned, Sedgwick county, in the state of Kansas, comprised the 18th Judicial Court of Sedgwick county, Kansas, and was a court of general jurisdiction, duly created and organized by the laws of said state."

The answer, amended answer and second amended answer of the defendants (plaintiffs in error) each put that allegation in issue. They each also included a general demurrer to the complaint. In spite of this state of the pleadings, the plaintiff failed to amend what is palpably a defective complaint notwithstanding the allegation in the paragraph following the one above quoted, as to recovery of a judgment in "said Sedgwick County District Court in said state of Kansas." Nor is the complaint

aided in this respect by the record. Being insufficient, the complaint must be amended if the case is to proceed. Moreover, the second amended answer, duly verified, includes some apparently meritorious defenses. On these, I think, in the interest of justice, the defendants ought to have the opportunity of being heard.

For the reasons given I concur in reversing the judgment and remanding for further appropriate action in the court below. However, it seems to me unnecessary, in the disposition of this case, to consider section 71 of our Code of Civil Procedure (C. L. '21, p. 115), mentioned in the opinion of the court. The section reads in full as follows: ''In pleading a judgment, or other determination of a court or officer of especial jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading shall be bound to establish on the trial the facts conferring jurisdiction.'' This, as I view it, relates only to courts and officers of special or limited jurisdiction, and does not govern the pleading of either domestic or foreign judgments rendered by courts whose jurisdiction is general. *Bruckman v. Taussig,* 7 Colo. 561, 562, 5 Pac. 152, 153.

Mr. Justice Butler authorizes me to say that he concurs in this opinion.