No. 17,999.

A. C. Grandbouche, etc. v. J. F. Waisner.
(317 P. [2d] 328)

Decided November 4, 1957.

Mr. HUGH J. ROSS, Mr. ROY A. PAYTON, for plaintiff in error.

Mr. JOHN R. WALL, Mr. ROYAL R. IRWIN, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant. The action was brought to obtain a judgment in the Colorado court on a judgment entered against the defendant in the district court of Campbell county in the State of Wyoming.

In the amended complaint of plaintiff it was alleged that a judgment was entered against defendant and one Hume in 1920 for the sum of $20,529.86; that it was revived in 1933 and again on August 3, 1950; that on the date last mentioned the judgment was validated for the sum of $63,249.94; and that plaintiff is the owner of said judgment.

Plaintiff alleges in his complaint, inter alia: "* * * that the judgment set forth in paragraph 5 of this complaint is a valid judgment and in full force and effect as of the date of the filing of this complaint."

The answer of defendant is a general denial. No affirmative defenses are contained therein. The trial court entered judgment as prayed for in the complaint, and defendant brings the case here by writ of error.

Rule 8 (c) R.C.P. Colo., provides in pertinent part:

"In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow

servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *"

The entire brief of defendant consists of five printed pages. It contains the following statement of the grounds upon which he relies for reversal:

"The Court erred in the following respects:

1. "Failure to dismiss the complaint upon the authority of Gobin vs. Bank, 92 Colorado 350;

2. "Failure to require amendment of the complaint with reference to the Wyoming plaintiff Ed Hume, and in not making said Hume or his estate a party defendant;

3. "Error in admitting into evidence the three depositions of Emily Sorhage, et al. folios 157 to 177;

4. "Error in not sustaining the motion of plaintiff in error (folio 235-240) to dismiss for failure to sustain a cause of action;

5. "Error in not requiring defendant in error to produce an authenticated copy of the revivor order of 1933;

6. "Error in not permitting witness Grandbouche (folio 260-1) to show payment of the Wyoming judgment through and by means of an adjustment between partners Hume on the one hand and Ricketts on the other."

■ It was held in the case of *Gobin, et al. v. Citizens State Bank of Cheney, Kansas,* 92 Colo. 350, 20 P. (2d) 1007, that an essential allegation of a complaint based upon a foreign judgment is that the judgment sued upon "can be enforced" in the jurisdiction in which it was entered. The complaint in the instant case contains allegations sufficient to meet this requirement.

■ As to point 2 relied on by defendant, the record shows that the Ed Hume to whom reference is made was not a "Wyoming plantiff." He was a Wyoming defendant and the judgment was entered against him. It appears from the record herein that he is dead, and that the judgment sued upon was joint and several. There is

no requirement of the law that his estate be made a party.

Counsel for defendant advance no argument in support of their above quoted points numbered 3 and 4. They are obviously without merit.

With reference to point 5, it is sufficient to say that plaintiff's action is not primarily based upon the judgment entered in 1920 or 1933, but upon the final judgment entered in 1950. The reference to the 1920 judgment and the subsequent order of revivor in 1933, are historical; nevertheless the record establishes sufficiently that the judgment was revived in 1933.

As to point 6 above quoted, it is sufficient to say that no issue of payment of the judgment was made by the pleadings and that defense must be specifically alleged by the answer. Furthermore, the only evidence offered tending to prove payment was hearsay and was properly rejected on that ground.

The judgment is affirmed.

MR. JUSTICE HOLLAND, MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.