No. 19,031.

SUPERIOR DISTRIBUTING CORPORATION *v.* E. J. ZARELLI,
ET AL.
(352 P. [2d] 967)

Decided June 13, 1960.

Mr. THOMAS K. HUDSON, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of
the Court.

THE parties here are in inverse order to their appear-
ance in the trial court and will be referred to as they
there appeared.

The sole issue presented is error alleged to have been

committed by the trial court in failing to grant defendant's motion to dismiss, such motion having been made at the close of plaintiffs' evidence and defendant having elected to stand thereon.

Plaintiffs sued to recover the sum of $8,147.31 plus interest and costs, allegedly due on a judgment for that amount entered in favor of plaintiffs against defendant in the Superior Court of the State of Washington in and for Pierce County.

The only issue of substance presented is whether plaintiffs' complaint in the instant action was defective in that it failed to allege that the judgment obtained in the Washington Court is a valid and final judgment capable of being enforced in that state, and, if so, whether such defect is fatal.

As authority for the proposition that failure to allege specifically that the judgment sued upon is valid and enforcible in the state where entered constitutes error, defendant cites the case of *Gobin v. Citizens State Bank of Cheney, Kansas* (1933), 92 Colo. 350, 20 P. (2d) 1007, in which the complaint alleged only that plaintiff received a judgment against defendants in Sedgwick County district court, in the State of Kansas. It did not allege that such judgment was a "valid and final adjudication, remaining in full force and virtue in the state of its rendition, and capable of being there enforced by final process" and was for that reason held to be defective.

In *Grandbouche v. Waisner* (1957), 136 Colo. 374, 317 P. (2d) 328, a complaint which alleged that the judgment sued upon "is a valid judgment and in full force and effect as of the date of the filing of this complaint," was held sufficient to meet the requirements of the *Gobin* case.

While the complaint in the instant action does not contain an allegation in the form suggested in the *Gobin* case, it does allege that the judgment was entered in the Superior Court of the State of Washington in and

for Pierce County; that the defendant Superior Distributing Corporation appeared and defended therein; that judgment for the amount prayed for was entered in favor of plaintiffs against the defendant; that such judgment was appealed to the Supreme Court of the State of Washington which affirmed the judgment on October 17, 1957, and that no part of the judgment or additional costs incurred have been paid.

These allegations in substance allege that the judgment was a valid and final adjudication remaining in full force in the state of its rendition and capable of being there enforced by final process. Under our liberalized rules of civil procedure it is the substance of the complaint rather than the form that is paramount. We thus hold plaintiff in error's contention that the failure to include the allegation in the exact words stated in the *Gobin* case constitutes reversible error to be without merit.

There being no other allegations of error of substance, the judgment is affirmed.