No. 18,946.

VICTOR GINSBERG *v.* DOUGLAS A. GIFFORD.

(355 P. [2d] 657)

Decided October 3, 1960.

Mr. LEON GINSBERG, Mr. E. CLIFFORD HEALD, for plaintiff in error.

Mr. E. A. HOWARD BAKER, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

WE refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant. The action was instituted in the district court based on a judgment of the superior court of California, County of Los Angeles, dated December 12, 1951. The complaint alleged that the plaintiff is the assignee of a judgment rendered by the superior court at Los Angeles, California, in favor of one Denzil O. Martin and against the defendant for the sum of $5,692.00, together with costs. The complaint further alleged:

"3. No part of the said judgment or the interest thereon has been paid except sums aggregating $360.00 have been paid by the said defendant and applied upon the interest accruing upon such judgment.

"4. There is now due and owing from the defendant to the plaintiff upon the said indebtedness, the sum of $4707.50, from and after December 12, 1951, except $360.00 of the said interest."

The answer of the defendant denied every allegation of the complaint except the payment of the sum of $360.00 credited by the plaintiff in his complaint. Apart from that, the answer and the defendant's bill of particulars denied jurisdiction of the court and of the judge with respect to parties and subject matter. The bill of particulars contained the further allegation that the judgment was not a final judgment and therefore does not conclude or dispose of any controversy involving the defendant.

The evidence at the trial consisted of the offer of the judgment roll, together with the certificate that the judgment had not been appealed. The Clerk's certificate is pertinent. It reads:

"That the Judgment by Court After Default was en-

tered December 12, 1951, in Book 2336, at Page 288, of Judgments;

"That as of the date of this Certificate no appeal has been taken from said Judgment, nor has the Judgment been modified or vacated;

"That the documents attached to this Certificate constitute the entire proceeding and are correct copies of the originals on file and of record in my office, and that I have carefully compared the same with the originals."

There was a deposition on written interrogatories to establish the assignment. We also find in the record requests for admissions submitted by plaintiff with respect to service of summons and identity of the defendant as the identical person who was served in the Los Angeles action. There was no further testimony and the remainder of the record consists of extensive comments of the trial court following arguments on motions. Essentially, the trial court's ruling was that the complaint had to be dismissed on the grounds (1) that the complaint was insufficient in that it contained no averment that the foreign judgment sued on was valid, final and enforcible under the laws of the State of California, and (2) that regardless of whether such an allegation is essential, under the rules of civil procedure, the proof of present enforcibility was lacking and consequently the motion to dismiss was good on this ground.

In seeking reversal, plaintiff contends that the court erred because the plaintiff's evidence made a prima facie case, and further that the trial court's order of dismissal constituted an invalid denial of full faith and credit to the judgment of the superior court of the State of California.

I. *The first question for determination is whether the allegations of the complaint are sufficient.*

The trial court ruled that the case of *Gobin v. Citizens Bank of Cheney, Kansas,* 92 Colo. 350, 20 P. (2d) 1007, constituted controlling authority and required the dismissal. The court also relied upon the later case of

*Grandbouche v. Waisner,* 136 Colo. 374, 317 P. (2d) 328. In the *Gobin* case the Court in holding that the complaint was defective said:

" * * * In 34 C.J., p. 1105, section 1570, the author says: 'In order that an action may be maintained in one state upon a judgment recovered in another state, it is necessary that the judgment should be a valid and final adjudication, remaining in full force and virtue in the state of its rendition, and capable of being there enforced by final process.' To this are cited a number of cases, among others *Chapman v. Chapman,* 48 Kas. 636, 29 Pac. 1071. Judge Horton said, in effect, in the Chapman case that a suit on a judgment of the court of a sister state will not be executed in Kansas or enforced there unless it is in full force and effect, and capable of being there enforced by final process, in the sister state. There is no allegation in the complaint in the action now before us that the judgment here sued upon can be enforced in the Kansas court. The complaint, therefore, on its face does not state a good cause of action."

The *Grandbouche* case cited the *Gobin* case with approval and commented on that decision as follows:

"It was held in the case of *Gobin, et al. v. Citizens State Bank of Cheney, Kansas,* 92 Colo. 350, 20 P. (2d) 1007, that an essential allegation of a complaint based upon a foreign judgment is that the judgment sued upon 'can be enforced' in the jurisdiction in which it was entered. The complaint in the instant case contains allegations sufficient to meet this requirement."

This issue was again considered in *Superior Distributing Corporation v. Zarelli,* et al., 143 Colo. 358, 352 P. (2d) 967, where it was held that an allegation that the judgment sued on was entered in the superior court of the State of Washington; that the defendant appeared and defended; that judgment was entered in favor of the plaintiffs and was appealed by the defendant to the Supreme Court of Washington and there affirmed and that no part of the judgment had been paid, was sufficient to

meet the requirements of the *Gobin* and *Grandbouche* rulings. Speaking through Mr. Chief Justice Sutton the Court said:

"These allegations in substance allege that the judgment was a valid and final adjudication remaining in full force in the state of its rendition and capable of being there enforced by final process. Under our liberalized rules of civil procedure it is the substance of the complaint rather than the form that is paramount. We thus hold plaintiff in error's contention that the failure to include the allegation in the exact words stated in the Gobin case constitutes reversible error to be without merit."

■ We are now required to determine whether the allegation contained in paragraph 4 of the complaint, which allegation is quoted above, sufficiently satisfies the requirement that there shall be an allegation that the judgment is valid and subsisting. The allegation that "there is now due and owing upon said indebtedness the sum of $5,707.50 with interest, * * * " considered in connection with the other allegations of the complaint, is sufficient to satisfy the requirements of the *Gobin* and *Grandbouche* cases. The trial court erred in concluding that the complaint was insufficient in this respect.

II. *The second question is whether the trial court was correct in dismissing the action because of insufficiency of the evidence.*

■ Upon the principle that an allegation averring a foreign judgment to be valid and enforcible is essential in an action on a foreign judgment as announced in the *Gobin* and *Grandbouche* cases, the trial court concluded that it was incumbent on the plaintiff to prove such fact. It was on the basis of the trial court's conclusion that this proof was lacking that the action was dismissed. The question is how far the plaintiff must go in anticipating and negativing possible defenses. The record offered by the plaintiff here included a judgment roll

consisting of verified complaint, a summons, an affidavit of service, an affidavit re military service, a written application for entry of the default, an entry of default, a judgment, and a certificate of the clerk dated the 24th of September, 1957, declaring that the judgment was entered on December 12, 1951, and that no appeal has been taken nor has any order been entered modifying or vacating the judgment. In addition, the plaintiff offered a certified copy of the following: the California interest statute and the California constitution pertaining to the jurisdiction of the superior court. Did these evidentiary matters constitute a prima facie case which required the defendant to allege and prove any inadequacies affecting the finality and unenforcibility of the judgment? We think they did. The proofs were sufficient to establish that the judgment in suit was final and not interlocutory. If it was barred by the statute of limitations of California, or subject to other infirmities under California law, which fact seems unlikely in view of the clerk's certificate, it was for the defendant to allege and prove such facts. We conclude that a plaintiff in circumstances such as those appearing in the present case, is not required to negative every possible defense and neither *Gobin* nor *Grandbouche* place such a burden on the plaintiff. The cause must be remanded so that the defendant can be afforded an opportunity to allege and prove defects in the judgment which may constitute a defense. This remand is necessary because of the trial court's premise that all of this onus was on the plaintiff. In the absence of a showing which would render the California judgment unenforcible in that state, judgment should be entered in favor of the plaintiff.

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE HALL concur.