No. 20789.

JOHN P. HAMM, ET AL. *v.* THE TWIN LAKES RESERVOIR AND CANAL COMPANY, ET AL.
(400 P.2d 667)

Decided April 5, 1965.

24

Edwin A. Williams, for plaintiffs in error.

Thulemeyer & Stewart, Yegge, Hall and Shulen-burg, Raymond J. Connell, for defendants in error The Twin Lakes Reservoir and Canal Company, The Colorado National Bank of Denver, and The Connecticut Mutual Life Insurance Company.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

It is rather unusual when two writs of error are issued, each of which is directed to a judgment entered in a single trial in the district court. The instant action presents a second phase of the multiple controversies involved in the record before this court in cause No. 20777 (Twin Lakes v. Bond, et al., decided this date). The issues raised in the instant case are wholly unrelated to the questions determined in No. 20777, *supra*, and our decision in that case is in no way applicable to this cause.

In 1959 Eugene Bond brought an action under the partition statute against The Twin Lakes Reservoir and Canal Company, and others. The issues as between those parties have been determined in cause No. 20777,

*supra.* In the trial court, at the suggestion of Twin Lakes, the plaintiffs in error in this proceeding were made defendants following the filing of an amended complaint by Bond in which it was alleged that the plaintiffs in error were owners of ditches across certain of the lands involved in the partition suit, and that they had easements in and upon such lands.

Being thus brought into the controversy, the ditch owners (plaintiffs in error) filed an "Answer" in which they admitted the allegations of Bond's amended complaint with reference to them. They alleged the existence of the easement upon the cotenancy property held by Bond and Twin Lakes. Twin Lakes, by answer, denied the existence of the easement over, upon, and across the cotenancy property. Upon motion of Twin Lakes, the answer of the ditch owners was stricken. Thereafter, the ditch owners with leave of court filed their amended answer substantially in the language of the original answer. Twin Lakes then moved for leave to file a reply to the amended answer, which motion was denied. At the trial, Twin Lakes obected to the ditch owners offering any evidence under their pleadings on the theory that the ditch owners had failed to designate their amended answer as a cross-claim against Twin Lakes. The trial court sustained Twin Lakes' objection and as a result the ditch owners were refused the right to present any evidence in support of their amended answer. Judgment was entered against the ditch owners on the ground that they had failed to prove the existence of their easement.

The ditch owners obtained a writ of error to the Supreme Court of Colorado in cause No. 20020, *infra.* This writ of error was dismissed upon the ditch owners' application when this court ruled in cause No. 20005, which was an appeal by Twin Lakes against Bond, that the purported judgment appealed from was not a final judgment, as both cases were based upon the same purported final judgment. Accordingly, both writs of error

were dismissed without prejudice. In cause No. 20020, the remand of the Supreme Court was with directions, *Hamm v. Twin Lakes,* 150 Colo. 447, 373 P.2d 525.

After the remand, the trial court refused to grant the ditch owners' motion for leave to re-open and file an amended answer and cross-complaint directed against Twin Lakes. The trial court likewise refused to permit the presentation of any evidence on behalf of the ditch owners and thereafter entered its final judgment that the ditch owners had failed to establish their claimed easements.

Plaintiffs in error assert three grounds for reversal of the judgment, to-wit:

1. The trial court erred in its repeated refusals to permit the ditch owners to present any evidence whatsoever under their pleadings.

2. The trial court erred in its refusal to permit the amendment of the ditch owners' pleadings by adding the word "cross-claim."

3. The court erred after the decision of this court in cause No. 20020, *Hamm v. Twin Lakes, supra,* in refusing to grant the ditch owners' Motion for Leave to Reopen and File Amended Answer and Cross-Claim, which was tendered with the motion. Upon all three points we agree that the trial court erred.

In this, as in all other litigation under the modern practice, the substance rather than the form or heading of a pleading determines the claims of the parties to a justiciable controversy. Even prior to the adoption of the Rules of Civil Procedure the decisions of this court placed the emphasis on substance rather than form. In the case of *Employers Mutual Insurance Company v. Board of County Commissioners,* 102 Colo. 177, 78 P.2d 380, this court clearly pointed out that:

"* * * The liberal provisions of our Code for amending pleadings were consciously framed for the purpose of preventing falsehood or mistake from overcoming

truth and justice by the sheer rigidity of ancient forms. * * *"

■ One of the latest pronouncements of this court on this point is to be found in *Superior Distributing Corporation v. Zarelli*, 143 Colo. 358, 352 P.2d 967, from which we quote the following:

"* * * Under our liberalized rules of civil procedure it is the substance of the complaint rather than the form that is paramount. * * *"

■ While it is true that these Colorado cases involved complaints, it is also true that the logic and reasoning of those cases has equal applicability to other pleadings including answers. Generally speaking, the rule is that the pleader is entitled to any relief, legal or equitable, which his pleading and evidence show that he is entitled to. In this case, the ditch owners were not permitted to put on any evidence to prove the existence of their easement. Bond and Twin Lakes were the cotenants and owners of the real property upon which the ditch owners claimed their rights of way. Bond alleged the existence of the easement; the ditch owners admitted the allegations of the amended complaint relating thereto; and Twin Lakes denied the existence of any rights of way over, upon, and across the cotenancy property. This denial by Twin Lakes created an issue of fact under the pleadings upon which the ditch owners were entitled to introduce evidence. To hold that under these circumstances the ditch owners are prohibited from introducing evidence of their easement is tantamount to holding that an admittedly existing easement upon, over, and across an undivided one-half interest in the cotenancy property, does not in fact exist at all over all the undivided cotenancy property. The proposition as stated reduces such a holding to absurdity and violates the legal and equitable rights of these ditch owners in this cause.

The judgment is accordingly reversed and the cause

remanded with directions to determine upon the merits the issue of the legality of the claimed easement.

MR. JUSTICE SCHAUER not participating.