No. 16,529.

SIMPSON *v.* MORGAN.
(238 P. [2d] 200)

Decided November 13, 1951.

Mr. MERLE M. MARSHALL, for plaintiff in error.

Mr. RICHARD E. CONOUR, ELIZABETH A. CONOUR, Messrs. ADAMS, HECKMAN & TRAYLOR, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE refer to the parties to this action by name. Simpson Motor Company was a corporation doing business in Grand Junction, Colorado, and R. E. Simpson, plaintiff in error, was its president and chief stockholder. September 27, 1927 a promissory note was executed by Simpson Motor Company, Ralph E. Simpson, plaintiff in

error, and defendant in error Reuel Morgan, for $10,000 payable to the order of Amore Raso. Simpson Motor Company became a bankrupt. In 1935 after all available credits had been applied on the note, judgment thereon was entered in favor of Raso against Simpson and Morgan for $3,422.95. Later Raso satisfied the judgment as to Morgan only. In 1941 the unsatisfied portion of the judgment was assigned by Raso to Morgan, and by the judgment and decree in the instant case the court, pursuant to section 28, chapter 123, '35 C.S.A., charged Simpson's interest in a copartnership, with the lien of one-half thereof, to wit: $1,711.47 plus interest.

Section 28, supra, under which this proceeding was commenced, reads as follows: "On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require."

No attack is made on Morgan's right to have this charging order, under the foregoing section, the sole question being the amount of his recovery under the judgment which he purchased from Raso, the judgment creditor.

Morgan, as security for the note to which reference is made above, pledged certain of his personal assets. In the instant case Simpson admitted the judgment, and that he had paid nothing thereon.

Essentially the only question submitted in this proceeding is whether or not a co-judgment debtor may take an assignment of a judgment against his codebtor and enforce it to the extent of his proportionate liability thereon

under sections 5 and 6, chapter 92, '35 C.S.A., which are as follows:

"§5. A creditor of joint debtors may release one or more of such debtors, and such release shall operate as a full discharge of such debtor or debtors so released, but such release shall not release or discharge or affect the liability of the remaining debtor or debtors. Such release shall be taken and held to be a payment in the indebtedness of the full proportionate share of the debtor or debtors so released."

"§6. In case one or more joint debtors are released, no one of the remaining debtors shall be liable for more than his proportionate share of the indebtedness, unless he is the principal debtor and the debtor released was his surety, in which case such principal debtor or debtors shall be liable for the whole of the remainder of the indebtedness."

That a judgment is a debt, cannot be successfully disputed, and that Raso was a judgment creditor of both Simpson and Morgan is manifest. When judgment was entered in favor of Raso, he became the judgment *creditor* and Simpson and Morgan became judgment *debtors*.

This suit is not one for contribution, but a proceeding to enforce the unsatisfied portion of the Raso judgment under said section 28, chapter 123, '35 C.S.A., supra.

The burden of the argument of counsel for Simpson is that he and Morgan were co-sureties, and that he is only liable for one-half of what Morgan paid for the assignment of the remaining balance of Raso's judgment, to wit: $100, and not one-half of the judgment. In this contention Simpson overlooks the fact, clearly evident from the record, that Morgan had paid over $6,700 of the Raso note out of his assets prior to judgment on the note and later obtained a release of his liability under the Raso judgment, leaving Simpson as the remaining judgment debtor.

Morgan became the owner of the judgment, so far as it related to Simpson's liability, and had a right to collect thereon, by execution or otherwise, against Simpson. It was no concern of Simpson as to what Morgan paid Raso

for the assignment. Had Simpson so desired, he could have purchased the judgment against Morgan. When Morgan purchased the judgment from Raso, he stepped into Raso's shoes and was entitled to collect the balance due.

The trial court aptly observed: "There is no equitable consideration present, nor can any such consideration be tortured out of the whole transaction which would require the court to disregard the form and regard the substance, because the substance is worse than the form. By which I simply mean if the rule of right and equity in the liberal sense were enforced, Morgan would be recovering one-half of $10,000, for such interest instead of the amount which had been awarded him by the findings of the court heretofore entered."

In *Williams v. Riehl*, 127 Cal. 365, 59 Pac. 762, the court said: "The plaintiff, being the owner of the judgment, had the right to assign it to anyone upon payment * * * . The fact that the parties paying it were some of the judgment debtors would not prevent them from taking an assignment of it." In the same case it was further stated: "This is not a proceeding in equity and no claim is made that any cosurety is insolvent. * * * Respondents, therefore, were entitled to execution against appellant for an aliquot part of the debt based on the whole number of cosureties."

The trial court, without objection, received a great deal of evidence tending to show the financial and business relations of the parties, and other matters antedating the entry of the original judgment upon which the suit was instituted. This was an attempt to collaterally attack the original judgment, and the trial court properly disregarded it in rendering its decision. The instant case was founded on an unsatisfied judgment against Simpson, owned by Morgan, and the only pertinent evidentiary matters pertained to the question of whether or not the judgment had been satisfied in whole or in part by Simpson.

The trial court correctly resolved the issues in favor of Morgan, and, accordingly, the judgment is affirmed.

MR. JUSTICE HOLLAND dissents.

MR. JUSTICE STONE not participating.