No. 19,134.

SUPERIOR DISTRIBUTING CORPORATION *v.*
CHARLES F. McCRORY.
(356 P. [2d] 961)

Decided November 21, 1960.

Mr. THOMAS K. HUDSON, for plaintiff in error.

Mr. JOHN D. RYAN, for defendant in error.

458

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

McCrory sued Superior Distributing Corporation in Florida, and when Superior failed to enter an appearance, its default was noted. Thereafter evidence in support of the complaint was received, after which the trial court found that Superior had breached a warranty in the sale of machinery, and in part also found and determined:

"That the Plaintiff has volunteered to return said defective machines to the Defendant, and *upon the Plaintiff doing so,* the Plaintiff *is entitled to final judgment* against the Defendant.

"That the Plaintiff has proven its damages in the sum of $2734.80 with interest at the rate of 6% from the 4th day of August, 1956 . . .

"Wherefore, It Is Ordered And Adjudged that the Plaintiff do ship to the Defendant at its warehouses in the City of Denver the four beverage vending machines purchased by the Plaintiff from the Defendant, *said shipment to be at the Plaintiff's expense.*

"It Is Further Ordered And Adjudged that upon *the Plaintiff placing the said machines with the carrier for shipment consigned to the Defendant* at its address in Denver, that the Plaintiff do have and recover its damages in the sum of $2734.80 with interest * * * " (Emphasis supplied.)

Suit on this foreign judgment was commenced in Colorado. In his complaint here McCrory alleged:

"That Plaintiff stands ready and willing to ship said vending machines to Denver upon receipt of funds from Defendant to defray shipping expenses."

In addition to the general issue, Superior raised the legal issue of the sufficiency of the complaint to state a claim, and attacked the jurisdiction of the Florida

court to enter a default and judgment. At the trial McCrory prevailed, and Superior brings error and would have us reverse the judgment.

We consider the circumstances allegedly furnishing a ground for reversible error. At the conclusion of McCrory's evidence Superior moved for dismissal, submitting that the Florida judgment was "totally interlocutory"; that until the conditions imposed upon McCrory had "been done, this [was] not in fact a final judgment and [McCrory was] not entitled to recover because the the Court specifically states that he shall be entitled to a final judgment upon doing so." It is claimed that denial of this motion was error.

The resolution of this point makes unnecessary the consideration of other questions presented. Decided cases point to an impediment in the maintenance of the suit on the Florida judgment, i. e., a contingent, inconclusive adjudication, interlocutory in nature.

While the judgment of one state is entitled to receive the same faith and credit given it in the state where entered, yet it is necessary "that, in order to maintain an action in one state upon a money judgment recovered in another state, such judgment must be a final adjudication, in full force in the state where rendered and capable of being enforced by final process, and ordinarily it should create a definite and absolute indebtedness against the judgment debtor." *Levine v. Levine,* 95 Ore. 94, 187 Pac. 609.

In holding a complaint insufficient, this court in *Gobin v. Citizens State Bank,* 92 Colo. 350, 20 P. (2d) 1007, resorted to the rule stated in 34 C.J., p. 1105, § 1570: "In order that an action may be maintained in one state upon a judgment recovered in another state, it is necessary that the judgment should be a valid and final adjudication, remaining in full force and virtue in the state of its rendition, and capable of being there enforced by final process."

An action may be brought upon a judgment of

a foreign court if it adjudges a fixed and certain sum to be due and owing; but if "there be a condition annexed to the decree which renders it uncertain whether payment shall ever be obligatory, the decree is not a record on which the common-law action of debt, or any other action at law instituted for the purpose of recovering a debt can be founded." *Dubois v. Seymour,* 152 Fed. 600, 11 Ann. Cas. 656; cf. *McLain v. Parker,* 88 Kan. 717, 129 Pac. 1140.

■ "Of course, it is thoroughly understood that the full faith and credit clause of the Constitution applies to final judgments which are unconditional and certain, or capable of being made so, and remaining in full force and effect in the State where rendered. If a judgment is interlocutory, or contains a condition which makes it uncertain whether any payment will be obligatory, an action of debt is not maintainable upon it." *Coane v. Girard Trust Co.,* 182 Md. 577, 35 A. (2d) 449.

McCrory was required to ship the machines to Superior at his expense. Upon the performance of this condition, McCrory was to have and recover judgment in damages of a certain sum. A final judgment depended upon the performance of the condition. Until such performance the determination would rise to no higher status than that of an interlocutory order. No process to enforce the judgment could issue in Florida so long as it remained interlocutory, and if unenforceable there, it is without vitality to form the basis of a claim in this state.

The judgment is reversed and the cause remanded with directions to dismiss the action.