COLLECTION AGENCY, INC., Assignee, Plaintiff–Appellee,

v.

Charles GOLDING, Jr., Kathy Golding, Robert J. Silver, Twyla F. Silver, Richard D. Stevens, Alexis Stevens, Jim Stephens, Mrs. Jim Stephens, Jack D. Lander, Grace Lander, and Rowley Downs Homeowners Association, Defendants,

and

John D. Rattray and Virginia E. Rattray, Defendants–Appellants.

No. 79CA1129.

Colorado Court of Appeals, Div. I.

June 26, 1980.

Rehearing Denied July 17, 1980.

Certiorari Denied Sept. 22, 1980.

Richard D. Gilson, Denver, for plaintiff–appellee.

Collins & Cockrel, P. C., James P. Collins, Denver, for defendants–appellants.

VAN CISE, Judge.

Defendants John D. and Virginia E. Rattray appeal the order entered in October 1979 denying their C.R.C.P. 60(b)(4) and (5) motion for relief from an April 1978 default judgment entered against them and nine of the other defendants. We reverse.

In their motion for relief from judgment, and on this appeal, the Rattrays contend, in the alternative, (1) that the court erred in entering judgment as a joint liability, and (2) that, even if joint liability existed, the liability of the Rattrays was reduced to proportionate shares in accord with § 13–50–103, C.R.S.1973, when the judgment against two other defendants (the Landers) was later set aside on motion of plaintiff.

At the hearing on their C.R.C.P. 60(b) motion, the Rattrays presented no evidence supporting either of their claims, nor was any evidence submitted on behalf of plaintiff.

In the complaint and in the affidavit of indebtedness attached to the motion for default judgment, the plaintiff alleged that *the defendants* were indebted to it. Accordingly, judgment in the full amount was entered against the 11 defendants who had been served, and was, therefore, a joint obligation of all of them. The first contention of the Rattrays was properly denied.

The record shows a motion, filed November 20, 1978, in which plaintiff stated:

> "That subsequent to service of process upon Jack D. Lander and Grace Lander, and accord and satisfaction agreement was entered into between said parties and the Plaintiffs [sic] wherein the said Defendants tendered a certain sum in settlement of their account with the Plaintiff. In consideration of the prompt payment amount by Mr. and Mrs. Lander it is agreed that said judgment should be set aside as to them."

Accordingly, the trial court entered its order on November 20, 1978, setting aside the judgment as to the Landers and providing that the judgment remained in full force and effect as to the other defendants.

Since the judgment was a joint obligation, and two of the joint obligors, the Landers, were released, the Rattrays, pursuant to § 13–50–103, C.R.S.1973,[1] are now liable only for their proportionate share, and not for the full amount of the judgment. This portion of the motion should have been granted.

Plaintiff contends that, pursuant to § 13–50–105, C.R.S.1973, since defendant Rowley Downs Homeowners Association was an unincorporated association, the property of its members, including the Rattrays, is bound in the full amount of the judgment against the association, and that § 13–50–105 controls over the provisions of § 13–50–103, C.R.S.1973. We need not decide that issue since there was nothing in the pleadings, affidavits, judgment, or orders, and there was no evidence presented, to show that the Rattrays or any of the other individual defendants were members of the defendant association.

The order denying the motion for relief from judgment is reversed, and the cause is remanded with directions for the trial court to modify the judgment to provide that defendants John D. and Virginia E. Rattray are each liable to plaintiff for one–thirteenth of the total amount of the judgment as of November 20, 1978.

COYTE and KIRSHBAUM, JJ., concur.

---

1. Section 13–50–103, C.R.S.1973, provides:

   "In case one or more joint debtors are released, no one of the remaining debtors shall be liable for more than his proportionate share of the indebtedness, unless he is the principal debtor and the debtor released was his surety, in which case the principal debtor is liable for the whole of the remainder of the indebtedness."