**FIRST OF DENVER MORTGAGE INVESTORS, Plaintiff,**

v.

**Clyde A. RIGGS, Defendant.**

**Civ. A. No. 83–K–95.**

United States District Court, D. Colorado.

June 8, 1983.

James R. Benson, Jr., George Davies P.C., Denver, Colo., for plaintiff.

Bruce F. Fest, Wood, Ris & Hames, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This action prays for judgment against defendant in the sum of $106,781.73 plus costs, interest, fees and costs of collection. Defendant has filed motions to dismiss, remand or abate. Plaintiff has filed a motion for summary judgment. Because the motion for summary judgment is not ripe for determination at this time, this memorandum concerns only the pending motions of defendant.

On January 20, 1977, the Denver District Court rendered judgment in favor of the plaintiff in the sum of $90,245.86 plus interest, costs of the action, costs of collection and attorneys fees. In January, 1978, defendant tendered $20,275.86 to plaintiff and in March, 1978, an additional $1,666.66 was paid. Both these sums were applied to the judgment. Despite defendant's promises of payment and attempts to work out a schedule for payment, additional funds have not been tendered for the reduction of the judgment. The $106,781.73 amount plaintiff prayed for here is the total due as of January 18, 1983. The action is brought pursuant to Title 28 U.S.C. § 1738 under this court's diversity jurisdiction, 28 U.S.C. § 1332.

Defendant's first motion to dismiss was for insufficiency of process, insufficiency of service or both. My ruling of April 4, 1983 granting plaintiff's motion to amend summons and defendant's acknowledged personal service of a valid summons and complaint has mooted this motion.

Defendant additionally moves to dismiss for lack of proper venue. Section 1391(a) of Title 28 U.S.C. says:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Plaintiff is a business trust with its principal place of business in Colorado. Defendant is a citizen of Oklahoma. Defendant argues that plaintiff's "claim" is a suit to obtain a "judgment on a judgment" and as such, the claim does not arise in Colorado because plaintiff already has a judgment in this state but arises in Oklahoma where plaintiff seeks to have the Colorado judgment accorded full faith and credit. Plaintiff argues that venue is proper in the Colorado federal court because the plaintiff resides in Colorado and the claim arose in Colorado—the underlying obligation is based on a note signed in Colorado, secured

by property in Colorado, the proceeds of the note were used in Colorado, payments on the note were made in Colorado and the underlying judgment upon which this action is based was rendered in Colorado. I agree and hold that venue over this action is in the State of Colorado. Defendant's motion to dismiss for improper venue is denied.

Defendant's third motion to dismiss is alternatively a motion to remand alleging improvident removal of this action from the state court without jurisdiction. Defendant bases this motion on the argument that because *First of Denver Mortgage Investors v. Riggs,* Civil Action No. C–69317, was filed in Denver District Court on January 20, 1977 when plaintiff had the option of filing either in the state or federal court and elected to bring suit in and obtain judgment from the state court, and because defendant did not exercise his right to remove the action at that time, this action is supplementary or ancillary to the state court action and cannot now be removed to this court. Plaintiff counters that it may bring this action in federal court and that removal is not an issue.

Title 28 U.S.C. § 1441 governs removable actions and § 1446 sets out the procedures that must be followed when an action is removed. Cardinal to the filing of a removal action in the federal court is a pending action in a state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal may be affected only by a defendant within established time limitations and requires the filing of a verified petition, all process, pleadings and orders served upon defendant, accompanied by an appropriate bond. None of these requirements have been met here. Plaintiff has instituted this action as a separate and independent action claiming original, not derivative, jurisdiction. Because this is not a removal action, defendant's motion to dismiss for improvident removal is denied. The motion to remand is also denied.

■ Defendant's fourth motion to dismiss is based on this court's lack of *in personam* jurisdiction over the defendant. Defendant contends that he does not have

sufficient contacts with the State of Colorado to meet the due process requirements that would subject him to personal jurisdiction in this forum. Defendant admits that his contacts were sufficient for personal jurisdiction in the 1977 state court action, but are not sufficient to hold him at this time.

Relying on my opinion in *Ruggieri v. General Well Service, Inc.,* 535 F.Supp. 525 (D.Colo.1982), I find that this court does have *in personam* jurisdiction over this defendant for purposes of this action. As I stated in *Ruggieri,* there are three types of activities by a defendant which may give rise to *in personam* jurisdiction: consent, presence in the forum state, and causing effects in the forum state. 535 F.Supp. at 528. As I said:

If a defendant consents to personal jurisdiction in a particular forum, then the court need not inquire any further. For example, contracting parties may expressly consent to litigate issues regarding the contract in a particular forum and this choice will normally be binding unless it is unfair or unreasonable. (citations omitted)

*Id.,* at 528–29. Defendant and other promissors to the January 29, 1976 contract on which the state court judgment is based consented to personal jurisdiction in the United States District Court for the District of Colorado or the appropriate state court for "any action at law or in equity [that may] be brought by the parties herein, . . . " (¶ 8) An action on a debt is an action at law; an action attacking a judgment is considered an equitable remedy that may be resorted to only when the remedies at law are inadequate. If plaintiff was attempting to bring an action on a claim totally foreign to this contract and the promissory note, the exercise of *in personam* jurisdiction would be "unfair or unreasonable." This action, however is for the enforcement of the judgment based on the underlying transaction, so I find that defendant has consented to this court's *in personam* jurisdiction in this action and I need not inquire further. Even if I determined that defendant had not consented to this court's juris-

diction, personal jurisdiction could be found based on defendant's continuing and systematic conduct of business within the state, constituting "presence." Minimum contacts could be found under the "causing effects in the forum state" category also.

Defendant's final motion to dismiss asserts that plaintiff has failed to state a claim upon which relief can be granted. Asserting that the Full Faith and Credit Clause of the United States Constitution binds only the states and not the federal courts, defendant argues that § 1738 does not create a cause of action for a "judgment on a judgment" but is procedural and evidentiary only. Even if this section would create a cause of action, defendant maintains that such cause of action would exist only when the plaintiff seeks to have the Colorado judgment accorded full faith and credit in a sister state in order to enforce the judgment in that sister state. Because plaintiff has already received the full faith and credit and enforcement remedies in the Colorado courts, there is no claim upon which relief can be granted here. Defendant avers that by filing this action plaintiff is attempting to circumscribe a ruling of an Oklahoma County District Court judge that the original judgment is, under Oklahoma law, dormant and unenforceable. With a judgment from the federal court, defendant contends that plaintiff seeks to obtain a new or different judgment that would be enforceable by the Oklahoma courts.

Plaintiff agrees that 28 U.S.C. § 1738 is merely evidentiary in nature, but rejoins that a judgment for a sum of money is a debt of record and as such may form the basis of a new action, that § 1738 provides for full faith and credit and enforcement of all judgments whether rendered in a court of the same state or of a sister state, and that plaintiff has not already had the full faith and credit and enforcement of the Colorado federal courts. Plaintiff further asserts that it is not seeking additional full faith and credit but only the same full faith and credit in federal court as it would be given in state court.

■ Title 28 U.S.C., section 1738 says:

The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory, or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States or its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

This Act, known as the Federal Res Judicata Act, makes the concept of the full faith and credit clause of Section 1 of Article IV of the United States Constitution[1] applicable in a federal court when the first suit has been in a state court and the second is in a federal court. *Davis v. Davis,* 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 ALR 1518 (1983); *Williams v. Murdoch,* 330 F.2d 745 (3rd Cir.1964). Due process does not give parties the right to litigate the same question twice and Article 4, § 1 and 28 U.S.C. § 1738 articulate the public policy that there be an end to litigation and that those who have contested an issue shall be bound by the results of the contest. Matters once tried shall be considered forever settled as between the parties. *Wayside Transportation Co. v. Marcell's Motor Exp., Inc.,* 284 F.2d 868 (1st Cir.1960). The rule is a rule of evidence rather than a ground for juris-

1. Article IV, Section 1 of the United States Constitution says: "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and in Effect thereof."

diction. *California ex rel McColgan v. Bruce,* 129 F.2d 421, 424 (9th Cir.1942), 147 ALR 782, *reh. denied,* 317 U.S. 710, 63 S.Ct. 255, 87 L.Ed. 566 (1942). Recognition of judgments is an expression of the principle of comity among courts.[2] Referring to the courts of the United States, the Supreme Court in *Pennoyer v. Neff,* 95 U.S. 714, 732, 5 Otto. 714, 24 L.Ed. 565 (1878) said:

> Whilst they are not foreign tribunals in the relations to the State courts, they are tribunals of a different sovereignty, exercising a distinct and independent jurisdiction and are bound to give the judgments of the State courts only the same faith and credit which the courts of another State are bound to give to them.

Because the federal and state judicial systems are "tribunals of a different sovereignty," defendant's argument that plaintiff has already received the full faith and credit of the United States District Court for the District of Colorado is denied. The full faith and credit concept has been interpreted to mean full credit, no more and no less. *Haddock v. Haddock,* 201 U.S. 562, 567, 26 S.Ct. 525, 526, 50 L.Ed. 867. This court could not expand the judgment rendered in the state court. The language of the statute extends the mandate to "every court within the United States" and does not exempt federal courts within the same state as the rendering state court.

Defendant is correct in arguing that in this diversity action, state law governs. I do not agree, however, that an action for enforcement of a foreign judgment or a "judgment on a judgment" is not recognized in the Colorado court.

■ It is axiomatic that a judgment creditor may maintain an action against the debtor on his judgment and that the right to collect on that judgment by execution and other process is merely cumulative to the original action. However, the Colorado courts are bound by and recognize the mandate of the full faith and credit clause of the U.S. Constitution. In *Brown v. Bell,* 103 P. 380, 46 Colo. 163, 23 L.R.A., N.S. 1096, 133 Am.St.Rep. 54 (1909), the Colorado Supreme Court recognized that a creditor has other remedies available in other courts for enforcement of his judgment, 46 Colo. at 167, 103 P. 380, and has entertained actions to enforce the unsatisfied portion of a judgment. *Simpson v. Morgan,* 238 P.2d 200, 124 Colo. 441 (1951). To enforce a judgment under the full faith and credit concept, Colorado courts require that the judgment be valid and enforceable in the rendering state. The necessity of an unconditional and final judgment, or one capable of being made so is included in this requirement. *Superior Distributing Corp., v. McCrory,* 356 P.2d 961, 144 Colo. 457 (1960); *Gobin v. Citizens Bank of Cheney, Kansas,* 20 P.2d 1007, 92 Colo. 350 (1933). The complaint must state that the judgment on which the action is based was duly given or made and that it remains partially or completely unpaid. Plaintiff in this action has met these requirements. The instant action is based on a valid and enforceable judgment rendered by the Colorado state court. Plaintiff has alleged that the judgment was duly given or made and remains partially unpaid. Defendant's motion to dismiss for failure to state a claim against him is denied.

Defendant's final motion is to abate this action pending the outcome of the appeal in *First of Denver Mortgage Investors v. Riggs,* Oklahoma Supreme Court, No. 59563 —the appeal of Judge Amick's ruling. This motion too is denied. A final ruling on the validity of the earlier judgment in the Oklahoma state courts will not affect the issues before this court. I disagree that a ruling in Oklahoma will narrow or moot the issues before me. A judgment is a debt and is an

2. It is generally inappropriate to consider the merits of an attack on a judgment when that attack is made in the course of a subsequent action in which the judgment is relied on as a basis of a claim or defense. The collateral attack is usually limited to questioning jurisdiction and fraud in the procurement of the judgment. Often, relief from judgment is pursued under a Rule 60 F.R.Civ.P. motion or its state court equivalent. In this action, plaintiff is not attacking the judgment, but seeking to have it enforced. Enforcement relief is most often sought in the same court from which the judgment was rendered but the federal registration procedures of 28 U.S.C. § 1963 and comparable state statutes are also available.

obligation even after the statute of limitations has fallen. The debt is not extinguished by the running of the statute, *Brown v. Bell,* 46 Colo. at 167, 103 P. 380, nor is it extinguished by a ruling of an Oklahoma court that under the Oklahoma laws, this Colorado state court judgment is dormant and unenforceable by Oklahoma courts. It is, therefore,

ORDERED that all motions to dismiss, remand and abate are denied. Defendant shall have 20 days from the date of this order within which to respond to plaintiff's pending motion for summary judgment.