798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry BERKE, Plaintiff-Appellant,
v.
Thomas J. NORTHCUTT, Defendant-Appellee.
 No. 84-5228.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1986.
 
 Before ENGEL, CONTIE and RYAN, Circuit Judge.s
 PER CURIAM.
 
 
 1
 Harry Berke appeals from an order of the district court dismissing his complaint against defendant Thomas J. Northcutt seeking a federal judgment based on Northcutt's failure to pay in compliance with a Tennessee state court judgment. For the reasons that follow, we reverse.
 
 I.
 
 2
 On September 30, 1983, Harry Berke filed a "[c]omplaint for a judgment on a judgment of the Chancery Court of Hamilton County, Tennessee, and the Supreme Court of Tennessee," against Thomas J. Northcutt seeking to recover $19,1936.22 on a judgment entered on August 27, 1976. Berke alleged that nothing was paid on the judgment and that he was, therefore, "entitled to a judgment in this Court on the judgment heretofore entered in the State Courts of the State of Tennessee." Berke asserted jurisdiction pursuant to 28 U.S.C. Sec. 1332 on the ground that Berke was a resident of Tennessee and Northcutt was a resident of Florida. Berke attached to the complaint a copy of the judgment sued on indicating that Berke and Northcutt were equal owners of Brainerd Village, Inc., that Berke alone had paid the corporation's tax liability, and that Berke was entitled to one-half contribution from Northcutt, plus interest.
 
 
 3
 On November 16, 1983, Northcutt moved to dismiss the complaint on the ground of lack of personal jurisdiction, improper venue and service of process, and failure to state a claim. Northcutt had defended against the state court action on the ground that he was not subject to the Chancery Court's jurisdiction since he was a non-resident of Tennessee.
 
 
 4
 On January 27, 1984, the district court dismissed the complaint on the ground that no controversy existed within Article III of the U.S. Constitution. The court noted that "[t]he instant case has been decided by the courts of the State of Tennessee. An Order and judgment has been granted in the state court. No real case, controversy, or adverse parties exist in this moot action." On February 28, 1984, the district court denied the motion on the ground that the Full Faith and Credit Clause of the U.S. Constitution, Art. IV, Sec. 1, had no applicability unless a judgment of one state was sought to be enforced in another state.
 
 
 5
 This Court does not doubt that if the judgment sought to be enforced were a foreign judgment, it could enforce it. Nevertheless, it believes that the Tennessee Supreme Court judgment is adequate as it stands as a judgment of the highest court of this state and does not need to be federalized here.
 
 II.[1]
 
 6
 28 U.S.C. Sec. 1738, the federal full faith and credit statute, provides in full:
 
 
 7
 The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession there.
 
 
 8
 The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
 
 
 9
 Such Acts, records and judicial proceedings or copies thereof, so authenthicated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.
 
 
 10
 "The most direct consequence of applying the full faith and credit statute is that a federal court must enforce a state court judgment when an action is brought for that purpose." Wright, Miller & Cooper, Federal Practice and Procedure, Sec. 4469 at 668 (1981) (footnote omitted). The complaint in this case can be fairly construed as requesting enforcement of the state court's decision. Plaintiff alleges that he has a judgment and that defendant has failed to pay on the judgment. Several federal courts, adhering to 28 U.S.C. Sec. 1738, have adjudicated actions seeking enforcement of a state court judgment.. See Southern Jam, Inc. v. Robinson, 675 F.2d 94, 97-98 (5th Cir.1982); Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 153 (5th Cir.1974) ("Under the compulsion of this statute [section 1738] federal courts are required to give full effect to the final judgments of state courts, subject only to narrowly circumscribed avenues of collateral attack."); Midessa Television Co. v. Motion Pictures For Television, Inc., 290 F.2d 203, 204 (5th Cir.), cert. denied, 368 U.S. 827 (1961) (the general rule is that "in a suit on a judgment of a court of one of the states, full faith and credit requires the enforcement of the judgment unless it is shown that the judgment was entered without jurisdiction."); First of Denver Mortgage Investors v. Riggs, 564 F.Supp. 1513, 1514 (D.Colo.1983); Holcomb v. Holcomb, 413 F.Supp. 402, 404 (N.D.Okla.1975); Valley Bank of Nevada v. Skeen, 366 F.Supp. 95 (N.D.Tex.1973), aff'd, 495 F.2d 1371 (5th Cir.1974); Stephenson v. Duriron Co., 292 F.Supp. 66, 80 (S.D.Ohio 1968), aff'd, 428 F.2d 387 (6th Cir.), cert. denied, 400 U.S. 943 (1970). Further, it has not been considered a bar to such an action that the federal district court in which enforcement is sought sits in the same state in whose courts the judgment in issue was rendered. North Carolina National Bank v. Marden, 561 F.Supp. 698 (W.D.N.C.1983). Therefore, we discern no bar to Berke's action under the federal full faith and credit statute.[2]
 
 
 11
 Accordingly, the judgment of the district court is REVERSED.
 
 
 12
 ENGEL, Circuit Judge, concurring.
 
 
 13
 I fully concur, but write separately only to make clear my understanding of what is implicit in the majority opinion, i.e., that neither 28 U.S.C. Sec. 1738 nor the full faith and credit clause of Article IV creates an independent source of jurisdiction in the federal courts. As to the first proposition, see Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 153 n. 1 (5th Cir.1974). As to the latter, see Minnesota v. Northern Securities Co., 194 U.S. 48, 71-72 (1904). Here, jurisdiction was predicated upon diversity of citizenship as made clear by the per curiam.
 
 
 
 [1]
 The district court did not rely on mootness in denying the motion for reconsideration, and it appears that this case is clearly not moot. The parties are clearly disputing the validity of the state court judgment. Accordingly, we consider other grounds for dismissal
 
 
 [2]
 Northcutt also contends that the district court lacked personal jurisdiction and venue of this action. These contentions were never addressed by the district court, and we, accordingly, defer consideration of such to the district court